# DECISIONS

OF THE

# SUPREME COURT OF FLORIDA.

## JANUARY TERM, A. D. 1881.

STATE OF FLORIDA EX REL. GEO. A. PECK, PLAINTIFF IN ERROR, VS. URIAH BOWDEN, DEFENDANT IN ERROR.

1. A debtor who is a member of a partnership engaged in mercantile business is not entitled to select from the partnership goods levied on by virtue of an execution against him, and to have exempted to him any portion of the partnership goods under the exemption laws of this State.

2. A writ of mandamus will not lie to compel a sheriff to cause an appraisement of personal property levied on, to enable the debtor in execution to select such as he desires to claim as exempt, after the property has been sold and delivered by the sheriff.

3. An alternative writ of mandamus requiring a sheriff to cause an appraisement to be made of goods levied on, so that the debtor may select such as may be claimed to be exempt from levy and sale, should show that the debtor is a person entitled to claim the exemption.

Writ of Error to the Circuit Court for Duval county.
The facts of the case are stated in the opinion.

*Alva A. Knight* for Plaintiff in Error.

*Fleming & Daniel* for Defendant in Error.

THE CHIEF JUSTICE delivered the opinion of the court.

The petition of Peck for a writ of mandamus shows that Bowden, sheriff, by virtue of an execution against the property of Peck, levied upon the interest of Peck in certain goods in the store of J. S. Driggs & Co. belonging to the firm, in which firm Peck was a partner. After the levy and before sale, Peck notified the sheriff that he claimed the benefit of the exemptions laws, and required him to make an inventory of all Peck's personal property; and appoint appraisers; and that he should claim the right of selecting his exempt property after appraisement.

The sheriff made the inventory, and Peck made and delivered an affidavit that the inventory contained a true statement of the whole of his personal property employed in the business of said firm; that he has also a few articles of personal property, which he is ready to point out.

The sheriff refused to take further steps enabling Peck to select the property claimed to be exempt, and on the 4th of August, 1879, after the foregoing action, the sheriff sold under said execution all the interest of Peck in the property and effects of the firm of J. S. Driggs & Co.

Petitioner thereupon prays a writ of mandamus requiring the sheriff to show cause why he should not set aside to petitioner the amount of personal property allowed by law, &c.

A paper treated as an alternative writ of mandamus was issued by the Circuit Judge on the 6th day of August, 1879, and served on the sheriff.

The sheriff moved to quash the writ upon the following grounds:

1. That the petitioner cannot claim exemption of partnership property.

2. That he cannot claim exemption of personal property after it has been sold by the sheriff.

3. That said writ is otherwise defective and bad in substance and in fact.

The motion to quash was sustained, and the relator brings error.

There can be no question that after the sale of property by the sheriff it is too late to proceed by mandamus to compel him to take measures to set aside as exempt from sale the property he has already sold. From the statement in the petition and writ, it must be assumed that the sale was completed, and the property sold had passed beyond his control. It is impossible that the sheriff can, after such sale, further intermeddle with the property. A writ of mandamus is doubtless a proper mode of proceeding against a sheriff to compel him to appoint appraisers and to do other acts to enable the debtor to make a selection of property claimed to be exempt from sale, but this process should be resorted to while the sheriff has the custody of the goods. It is just as much impossible for the sheriff to proceed with the appraisement one day after the sale as it is one month or one year after. Not only the duty of the officer, but the legal and physical possibility to perform it at the time of the service of the writ of mandamus must exist, else the writ must be denied and the aggrieved party remitted to the ordinary remedies for the wrong, if any is committed. (For the general principle, see High on Ex. Rem., Sec. 14, and authorities cited.)

The question whether an exemption from levy and sale can be claimed in respect to partnership assets levied on for the debt of one of the partners was submitted by the respective counsel, and we have examined it with some care. Though not absolutely necessary to the disposition of the case, it is proper to state the conclusions of the court.

Thompson on Homesteads and Exemptions contains (sections 194 to 216) a very full collection of the authorities

upon the question; and though the author concludes that the rule ought to be that partners may severally claim an exemption out of their interests in the partnership effects to the extent allowed by law, yet admits and shows by his citations that "the courts have, by a very decided weight of authority, settled the doctrine that those statutes do not contemplate the setting apart of exempt property out of partnership assets." See also State vs. Spencer, 64 Mo., 355; 27 Am. Rep., 24 and note.

We think the rule thus "settled" is the sound one. In the nature of partnerships, the property of the firm is not the individual property of either of the members. Neither of them can of right use the property for the payment of his individual debts. The property of the firm is, in the first instance, assets for the satisfaction of the debts of the concern; and, secondly, for the reimbursement of such members of it as are in advance of his proper share of the capital and debts. Until the share of each member is ascertained and severed, the assets are not the separate property of either, but the joint property of all, subject to the above conditions.

If either partner dies, the partnership property survives to and vests in the survivor, not as his individual property absolutely, but to be applied to the liquidation of the liabilities of the copartnership to its creditors, and to reimburse advances by its members before distribution among them all, in proportion to their several equities. Suppose, in the case of this firm, the sheriff had appraised the property of Driggs & Co., and had allowed Peck to select to the amount of one thousand dollars value in the specific goods of the firm and then released these goods from levy. In this case, if Mr. Peck had died the next day, the legal title and right of possession of the goods so claimed and admitted to be exempt would have vested in Driggs for the

purpose of liquidating the debts and the winding up of the affairs of the firm. When this is accomplished, if anything remains of the property or proceeds, it would be subject to distribution among the members according to their several interests, (including the representatives of the deceased member.)

We think this illustrates the impracticability of applying the claim of exemption to the property belonging to copartnership firms. The constitutional and the statutory provisions on the subject of exemptions contemplate that the debtor may claim an exemption out of his own property. Partnership assets are not the property of either of the partners. Its possession and ownership for partnership purposes, not for private purposes, go to the survivor if one of them dies, and must be applied to the payment of copartnership debts and for distribution, as before stated.

Property exempted from levy and sale must be selected so as to be identified and set apart. Partnership effects of a mercantile firm are constantly changing in respect to identity, and as one partner cannot take possession of the goods and convert them to his own use against the consent of his copartners, but the goods remain partnership property until sold, a " selection " of such goods by one partner as his exempt property would be a fruitless and idle ceremony, the same goods still remaining the property of the firm for partnership purposes.

In respect to this particular writ of mandamus, it is observed that the relator does not describe or show himself to be " the head of a family residing in this State." This is a fact necessary to be shown to entitle the party to the exemption, and to the aid of the courts to enforce it.

For each of these reasons the appellant is not entitled to the writ, and the judgment must be affirmed.