CHARLES E. THOMAS, E. A. PERRY, AND E. I. LEIGHTON, LATE CO-PARTNERS AS FLORIDA ICE CREAM AND DAIRY COMPANY, *Plaintiffs in Error,* v. LOUIS J. NATHAN, SURVIVING PARTNER OF JACKSONVILLE ICE COMPANY, *Defendant in Error.*

Opinion Filed April 29, 1913.

1.  In an action against three persons as late partners, where the court has jurisdiction of the subject matter and service

of process is made upon two of the late partners, the judgment covering the partnership property of all and the individual property of the two who were served with process, is not void.

2. In view of the principles of law applicable to partnerships, and of the statute as to service of process on partners, the service of process upon one member of a late partnership in litigation for the adjustment of the partnership indebtedness, is sufficient to authorize a judgment covering the partnership property or interest of the late partner not served, and such judgment does not operate to deprive such person of property without due process of law.

Writ of error to the Circuit Court for Duval County.

Judgment affirmed.

*Gibbons, Maxwell, McGarry & Daniel,* for Plaintiffs in Error;

*Cockrell & Cockrell,* for Defendant in Error.

WHITFIELD, J.—An action was brought by Louis J. Nathan as surviving partner of the firm doing business as the Jacksonville Ice Company against "Charles E. Thomas, E. A. Perry and E. I. Leighton, late partners doing business under the firm name and style of the Florida Ice Cream & Dairy Company." Service of process was made on Thomas and Leighton, but not upon Perry, and Perry did not appear in the cause below. Verdict and judgment for the plaintiff were obtained, but the trial court granted a new trial. On writ of error the order granting a new trial was reversed, and pursuant to the statute, Section 1695, General Statutes of 1906, the cause was remanded with directions to enter final judgment

for the plaintiff upon the verdict, unless a motion in arrest of judgment or for judgment *non obstante veredicto* shall be made and prevail.   Nathan v. Thomas, 63 Fla. 235, 58 South. Rep. 247.

Upon the return of the mandate to the trial court, the defendant, E. I. Leighton, presented the following motion in arrest of judgment:

"Now comes the defendant, E. I. Leighton, by his attorneys, Gibbons, Maxwell, McGarry & Daniel, and moves the court to arrest the judgment in this cause upon the following grounds:

1. The court is without jurisdiction, and the judgment is entered on the verdict without jurisdiction for the following reasons:

(a)   The suit is without due process of law guaranteed by the Constitution of the United States, in this, that E. A. Perry has never been served with summons ad respondendum, has never appeared, and has never had his day in court; yet he is sued as a member of a dissolved or late co-partnership, and any judgment rendered must be against all the defendants jointly or against none.

(b)   The suit is without due process of law guaranteed by the Constitution of the United States in that the suit is against Charles E. Thomas, E. A. Perry and E. I. Leighton, late co-partners doing business under the firm name and style of Florida Ice Cream and Dairy Company, and the verdict as rendered is against all these named defendants, and the judgment is against all these named defendants; yet the defendant, E. A. Perry, never has been served with a summons in said suit, and there is no appearance of record for him, and he never was in court as a defendant in this action and never had his day in court."

The court denied the motion in arrest of judgment and entered the following judgment:

"And now in pursuance of the mandate of the Supreme Court of Florida, it is considered by this court that Louis J. Nathan, surviving partner of the late co-partnership composed of Sam J. Nathan and Louis J. Nathan, doing business under the name Jacksonville Ice Company, do have and recover of Charles E. Thomas, E. A. Perry and E. I. Leighton, as late partners, doing business under the name the Florida Ice Cream and Dairy Company, the sum of eleven hundred dollars with interest at the rate of eight per centum per annum from the date of the verdict July 31st, 1911, and also his costs taxed at $12.23, for which let execution issue, to be levied of the co-partnership goods, chattels, lands and tenements of said Charles E. Thomas, E. A. Perry, and E. I. Leighton, as late partners doing business under the name of the Florida Ice Cream and Dairy Company, and of the goods, chattels, lands and tenements, of the said defendant, Charles E. Thomas, and of the goods, chattels, lands and tenements of the said defendant, E. I. Leighton."

To this judgment the present writ of error was taken.

Among the errors assigned are that the court erred in overruling the motion of E. I. Leighton in arrest of judgment, and that "the suit was without due process of law guaranteed by the Constitution of the United States, in this, that E. A. Perry has never been served with summons ad respondendum, never appeared, and never had his day in the court below; yet he is sued as a member of a dissolved or late co-partnership; and any judgment rendered against him is without jurisdiction and void; and the judgment being against all defendants is void as against all."

Other errors are assigned, but they relate to matters

of procedure in the trial prior to the first writ of error, and they are not of a nature that require consideration here.   The questions of variance that may have been material after verdict were not presented in the motion for new trial; and the asserted necessity for a judgment by default against Thomas and Perry was not presented in the motion in arrest of judgment.

The real contention under the assignments of error above set out is whether the judgment is void because one of the late partners was not personally served, and whether the judgment is a denial of due process of law to E. A. Perry, who was not served and did not appear in the trial court.

On the former writ of error it was held that where an action at law is brought against several persons as late co-partners on a cause of action contracted while the partnership was a going concern under Sec. 1404, General Statutes of 1906, the service of process upon one member of the late firm, is a valid service authorizing a judgment against the late firm, binding the firm property and the individual property of the member who was actually served.

The court had jurisdiction of the subject matter of the action, and the partnership relation and the statute made service on one partner a sufficient service on the other partner not personally served to authorize a judgment covering the partnership property of all.   The judgment is not void.

In view of the principles of law applicable to partnerships, and of the statute as to service of process on partners, the service of process upon one member of a late partnership in litigation for the adjustment of the partnership indebtedness, is sufficient to authorize a judgment covering the partnership property or interest of the

late partner not served, and such judgment does not operate to deprive such person of property without due process of law. The judgment does not cover any individual property of the late partner not served, but only his partnership property.

Judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR AND HOCKER, J. J., concur.

COCKRELL, J., took no part.