FLORIDA BREWING COMPANY, *Appellant*, v. C. A. SEN-DOYA, *Appellee*.

Opinion Filed March 14, 1917.

In an action against partners where the service of process is made on one partner, the judgment obtained in the action may be a lien on the partnership land and on the individual lands of the partner who was served with process, but not on the individual lands of the partner who was not served with process in the action.

Appeal from Circuit Court for Hillsborough County; F. M. Robles, Judge.

Decree affirmed.

*Knight, Thompson & Turner,* for Appellants;

*J. T. Watson, Jr.,* for Appellee.

PER CURIAM.—In appropriate proceedings the court ordered that a judgment in favor of the Florida Brewing Company against Serafin Montiel and Clements A. Sendoya, co-partners as Montiel & Sendoya, "is decreed to be null and void as against Clements A. Sendoya individually and declared to be no lien or encumbrance whatsoever on the individual real estate * of the said C. A. Sendoya." The defendant company appealed. The de-

cree is correct in that the service on which the judgment was rendered was made on the partner Montiel and not on the partner Sendoya; therefore, while the judgment is a lien on the partnership lands and the individual lands of Montiel, the partner who was served, it is not a lien on the individual lands of Sendoya, the partner who was not served. See Sec. 1404 Gen. Stats. 1906; Compiled Laws 1914; Thomas v. Nathan, 65 Fla. 386, 62 South. Rep. 206; Nathan v. Thomas, 63 Fla. 235, 58 South. Rep. 247, Ann. Cas. 1914A, 387; First Nat. Bank v. Greig, 43 Fla. 412, 31 South. Rep. 239.

Affirmed.

Browne, C. J., and Taylor, Shackleford, Whitfield and Ellis, JJ., concur.