I. EPSTEIN & BROTHER, A CORPORATION, *Plaintiff in Error*, v. FIRST NATIONAL BANK OF TAMPA, AS EXECUTOR OF THE ESTATE OF WILFRED C. CLARKSON, DECEASED, *Defendant in Error*.

## En Banc.

### Opinion Filed October 23, 1926.

1. Where service of process is had upon individual members of a co-partnership they are not only before the court in the capacity of co-partners, but they are also before the court in their several and individual capacities.

2. Where in an action against several persons they are described in the declaration, after giving their individual names, "as partners doing business as (a partnership

name)" the action is against such persons individually and against the partnership; and in the trial of the cause the names of the partners may be stricken out by amendment leaving the action to proceed against the partnership by its common firm name, and such amendment does not operate as a discontinuance of the case.

3. When the summons and declaration in an action brought before the running of the statute of limitations are amended after the running of the statute of limitation so as to show that the defendant is sued individually instead of in a representative capacity the amendment does not bring in a new party defendant, but merely changes the capacity in which the same defendant is sought to be changed and therefore the defendant can not contend that the action is barred by the statute of limitation.

4. Where a plea, which if proper to be filed, would constitute a complete defense to an action, is improperly admitted in a case heard before a referee and the referee makes the only finding consistent with such plea, but the evidence is conflicting as applied to all other pleas in the case, the improper admission of such plea is prejudicial and reversible error.

A Writ of Error to the Circuit Court for Levy County; W. S. Broome, Referee.

Judgment reversed.

*H. M. Hampton*, for Plaintiff in Error;

*E. G. Baxter*, for Defendant in Error.

KOONCE, Circuit Judge.—On June 13th, 1919, the plaintiff in error, Epstein & Brother, a corporation, commenced a common law action in assumpsit in the Circuit Court of Levy County, against Wilfred C. Clarkson and Max Strauss, as co-partners doing business under the firm name and style of "Florida Crushed Rock Company," defend-

ants.   The defendant Strauss made no defense to the action, but the defendant Clarkson appeared and on the Rule Day in August, 1919, filed six pleas to the plaintiff's declaration. Without quoting the pleas verbatim they were the general issue, a denial of the alleged partnership and the statute of frauds, that the alleged debt was that of another which the defendant (Clarkson) did not promise in writing to pay.   No further proceedings were had in the case until January 28th, 1921, when there was an order of reference to Honorable W. S. Broome to try the case. Then there was another hiatus of about twenty months when on September 15th, 1922, the plaintiff, by and with the consent of the defendant Clarkson, dismissed the case as to Max Strauss and amended his declaration by striking the name of Max Strauss and the words "co-partners" wherever they appear in the declaration, so that the suit might proceed against Wilfred C. Clarkson, doing business as the Florida Crushed Rock Company.   On the same day began the trial of the case before the Referee upon the issues as framed.   After intermittent hearings before the Referee the parties concluded their evidence and testimony April 13th, 1923.   On November 5th, 1923, there was a suggestion of the death of the defendant Clarkson, and revival of the suit against First National Bank of Tampa, as Executor of the Estate of Wilfred C. Clarkson, deceased.   The executor being duly cited on the 3rd day of December, 1923, filed two pleas; first, that it never was indebted to the plaintiff as alleged; second, that the defendant Wilfred C. Clarkson in his life time never was indebted to the plaintiff as alleged.   Then followed another lapse of nearly one year, when on November 17th, 1924, the defendant executor tendered two additional pleas, to the filing of which pleas the plaintiff objected, but the Referee permitted such pleas to be filed and on November 29th the plaintiff filed motion to strike said amended pleas, which motion was denied by the Referee on

December 4th, 1924, and the next day the Referee made his finding for the defendant. Plaintiff filed motion for new trial and motion in arrest of judgment, in each motion alleging as error the admission of the additional pleas of the executor. On the same day (December 13th, 1924) the Referee denied the motion in arrest and the motion for new trial and entered final judgment in favor of the defendant.

From this judgment of the Referee the plaintiff brings writ of error to this court.

There are six assignments of error, as follows:

"1. The Referee erred in overruling the objections of the plaintiff to the filing of the two pleas tendered by the defendant on November 17th, 1924.

"2. The Referee erred in overruling plaintiff's motion to strike additional pleas filed by defendant under order of court dated November 17th, 1924, by his order dated December 4th, 1924.

"3. The Referee erred in his order of December 4th, 1924, in refusing to strike the first additional plea filed by the defendant.

"4. The Referee erred in his order dated December 4th, 1924, in overruling plaintiff's motion to strike the second additional pleas filed by the defendant.

"5. The Referee erred in overruling plaintiff's motion in arrest of judgment.

"6. The Referee erred in overruling plaintiff's motion for a new trial."

The attorneys both for the plaintiff in error and the defendant in error have argued each of these assignments of error together as one, and they will be so considered together in this opinion. The real point in controversy appears to be whether or not it was proper to allow the additional pleas of the defendant executor to be filed before the Referee on November 17th, 1924. There seems to be no

question that sufficient objection had been made to these pleas, first to the admission, then by motion to strike, and again in the motion in arrest of judgment and in the motion for new trial.

Omitting the formal parts of the pleas objected to they each present the statute of limitation as a defense.

It is the contention of the plaintiff in error that the sole question for determination by this Court is, ''Did the striking out of the name of Max Strauss, after commencement of the suit and after the original cause of action would have been barred, if no suit had been brought, amount to the commencement of a new suit?'' The attorney for the defendant in error concedes that this is one of the questions presented, but insists that it is not the sole question, urging that there is nothing in the Referee's finding which indicates that the Referee did not consider the case on the testimony of the respective parties regardless of the plea objected to, and that such finding of the Referee would be proper upon the testimony even if there were no such plea.

The first question to be considered then is whether or not dismissing as to Max Strauss, and striking the words ''as co-partners,'' had the effect of commencing a new suit against the defendant Clarkson. If the dismissal of the suit as to Strauss and continuing with Clarkson a sole defendant was the commencement of new suit, then unquestionably the statute of limitation was a complete defense to the action as was apparent from the testimony taken, and was proper to be filed.

In support of his contention defendant in error argues that a co-partnership is a legal entity, and the following authorities are cited. 20 R. C. L. 804 (6); Jensen v. Wiersma, 185 Iowa 551, 170 N. W. Rep. 780, 4 A. L. R. 208; State ex rel. v. Bowden, 18.Fla. 17; Florida Brewing Co. v. Sendoya, 73 Fla. 660, 74 South. Rep. 799.

Even if the cases cited could be held to establish the legal proposition that a partnership is a legal entity and that partnership property is held separate and apart from the property of the individual members of the co-partnership, there is still another proposition which is vital to the instant case which appears to have been overlooked and which a more careful analysis of the case of Florida Brewing Co. v. Sendoya, cited above, seems to have definitely settled, viz: That while a judgment against a co-partnership is not a lien against the individual property of a member of the co-partnership *who was not personally served with* process, it is a lien not only upon the property of the co-partnership, but is also a lien upon the individual property of such members of the co-partnership as were personally served. The logical conclusion is that where service of process is had upon individual members of a co-partnership they are not only before the court in the capacity of co-partners, but they are also before the court in their individual capacity.

Applying this principle it appears in the instant case that the summons and declaration named each of the parties defendant individually and described them "as co-partners doing business under the name and style of "Florida Crushed Rock Company." It further appears that not only were each of the defendants personally served, but that the defendant Clarkson individually appeared and individually filed pleas to the declaration in one of such pleas denying any co-partnership and averring that he alone was doing business as the "Florida Crushed Rock Company." Not only that, but the defendant Clarkson thereafter had notice of motion to dismiss as to Strauss and not only made no objection, but appears to have formally consented to such amendment, and thereafter proceeded with the cause

to the extent of taking testimony before the Referee, until all of the testimony of both parties had been completed

After the death of Clarkson and citation to Executor, the defendant Executor filed pleas of general issue and not until long after did the Executor tender the additional pleas of statute of limitation. But without holding the Executor defendant to be guilty of laches or that it could waive any rights of the Estate, the identical question still remains, whether or not after personal service upon an individual member of a co-partnership a dismissal of the suit as to the other members of such co-partnership would operate as a discontinuance of the original suit as against the remaining defendant partner so personally served. The answer to this question is found in the words of the Supreme Court of Alabama in the case of Vinegar Bend Lumber Co. v. Hamilton-Brown Shoe Co., 129 Ala. 271, 29 South. Rep. 857, as follows:

"Where in an action against several persons they are described in the complaint, after giving their individual names as 'partners doing business under the firm name of (a partnership name),' the action is against such persons individually, and against the partnership; and in the trial of the cause the names of the partners may be stricken out by amendment, leaving the action to proceed against the partnership by its common firm name, and such amendment does not operate as a discontinuance of the cause."

The Code of Alabama relating to amendments by striking names of defendants improperly joined is similar to Section 2568, Revised General Statutes of Florida, 1920, permitting such amendments.

A few of the cases holding to this effect as follows: Shriner v. Craft, 166 Ala. 146, 51 South. Rep. 884, 28 L. R. A. (N. S.) 450, 139 Am. St. Rep. 19, where it is said: "Under Code 1907, Sec. 5367, requiring the court to per-

mit amendments to the complaint by striking out or adding other parties the striking of an improper party does not work a discontinuance whether the impropriety is brought to the court's attention by demurrer or appears from the evidence.''

Goss v. Weiman & Co., 5 Ala. App. 404, 59 South. Rep. 364, it is held: ''Where a complaint was amended by striking from it all the defendants except one, the amendment related back to the commencement of the suit and the original summons and complaint were to be read as there had been but one defendant. See Plunkett v. Dendy, 197 Ala. 262, 72 South. Rep. 525.

In Boyd v. United States Mortgage & Trust Co., 187 N. Y. 262, 79 N. E. Rep. 999, 9 L. R. A. (N. S.) 399, 116 Am. St. Rep. 599, 10 Ann. Cas. 146, it is said:

''When the summons and complaint in an action brought before the running of the statutes of limitations are so amended after the running of the statutes as to show that the defendant is sued individually instead of in a representative capacity the amendment does not bring in a new party defendant, but merely changes the capacity in which the same defendant is sought to be charged and therefore the defendant can not contend that the action is barred by the statute of limitation.'' See also McCormick v. Robinson, 139 inn. 483, 167 N. W. Rep. 271, quoting the New York case with approval. Also Morrison County Lumber Co. v. Declos, 131 Minn. 173, 154 N. W. Rep. 952. In Boyd v. United States Mortgage & Trust Co., above, the defendant named the original summons as ''substituted trustee under the will of Mathew Byrne, deceased.'' Later by amendment the words ''as trustee, etc.,'' was stricken, and the plaintiff was required to serve upon the defendant a copy of amended summons and complaint; thereupon the defendant, United States Mortgage & Trust Co., filed

an additional plea of the statute of limitation, the case was dismissed as to other defendants, and cause proceeded against United States Mortgage & Trust Co., alone, with result as above recited.

In the case of Beitman v. Birmingham Paint & Glass Co., 185 Ala. 313, 64 South. Rep. 600, plaintiff sued B. and H. on common counts. When all the evidence had been submitted, it clearly appeared that the materials had not been furnished on joint account, or on the credit of B. as principal with H. as guarantor or surety. It also appeared that if B. was not liable as principal, no recovery could be had against B., because B. had plead the statute of frauds,—the debt of another not agreed in writing to be paid. Plaintiff amended by striking H. as defendant, thus electing to proceed against B. alone, whereupon B. moved for a discontinuance, contending that H. alone was liable, and there was evidence to support such contention. On the other hand, plaintiff contended that B. alone was answerable for the material furnished.  The court held that while in this state of the case the plaintiff was not bound to accept B's theory of the case (though it found support in the plaintiff's own evidence), but he had the right to take either horn of the dilemma in submitting the case to the jury without incurring the penalty of a discontinuance. If the plaintiff made mistake in pursuing a party not liable on the evidence, the remedy of the party thus wrongfully pursued as defendant was with the jury on the evidence.

Of course if an entirely new case is made by amendment, or entirely different parties made plaintiff or defendant, it would operate as a discontinuance of the original suit, as in the case of Williams v. Lowe, 49 Ind. App. 606, 97 N. E. Rep. 809, cited by defendant in error. But no such conditions appear in this case.

Section 2568, Revised General Statutes of Florida, 1920, authorizes the striking out of name of defendants improperly joined at any time before trial or even at the trial, and this section seems plainly applicable to this case.

Defendant Clarkson having been personally served with process, having individually appeared and having individually filed pleas, and particularly averring that he alone was doing business as the ''Florida Crushed Rick Company,'' he was therefore before the court in his individual capacity, and dismissing as to the other defendant and striking the words ''as co-partners'' did not work a discontinuance of the suit as to him, nor operate as the commencement of a new suit against him, he being already before the court.

There then remains for consideration the further question whether or not the findings of the referee should stand upon the evidence regardless of the plea of limitation. The obstacle in the way of disposing of the case upon that point (not deciding, however, what the evidence would warrant) is that the referee did not state in his finding that he found for the defendant upon the evidence independent of the plea of limitation, and this court cannot assume, in view of conflicting evidence, that he did so find. The more logical conclusion is that he did not disregard the plea, and that his findings were based upon such plea, which he had permitted to be filed for consideration; upon all other pleas the evidence was conflicting but upon this one it was conclusive for the defendant.

Where a plea which, if proper to be filed, would constitute a complete defense to an action, has been improperly admitted in a cause heard before a referee, and such referee makes the only finding consistent with such plea, but the evidence is conflicting as applied to all other pleas in the

case, the improper admission of such plea is prejudicial and reversible error.

For error in admitting the additional plea of the defendant executor, the case must be reversed. Under the ruling of this court, in Camp v. First Nat. Bank of Ocala, 44 Fla. 497, 33 South. Rep. 241, 103 Am. St. Rep. 173, the referee has no further jurisdiction of the case unless it is again referred to him.

The judgment of the Referee is reversed, the additional plea of the defendant executor is directed to be stricken, a new trial is granted the plaintiff below, and the case remanded for further proceedings.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the court below should be, and the same is hereby, reversed, the additional plea of the defendant executor is directed to be stricken, that a new trial be granted the plaintiff and the case remanded for further proceedings.

BROWN, C. J., AND WHITFIELD, ELLIS, TERRELL, STRUM AND BUFORD, J. J., concur.

BROWN, C. J., concurring.—The plaintiff's motion to strike out the name of Max Strauss and to continue the suit against Wilfred C. Clarkson, doing business under the firm name and style of "Florida Crushed Rock Company," was consented to by the defendant Clarkson, and the court very properly made the appropriate order.

As partners are individually as well as jointly liable for partnership debts, this amendment did not work a complete change in the character or capacity in which Clarkson was

being sued. Nathan v. Thomas, 63 Fla. 235, 58 So. 247; Florida Brewing Company v. Sendoya, 73 Fla. 660, 74 Sou. 799; Thomas v. Nathan, 65 Fla. 386, 62 So. 206. There was no amendment of the cause of action sued on, which remained substantially the same. The amendment allowed by the court was of such a character as related back to the commencement of the suit so as to prevent the bar of the Statute of Limitations. See 17 R. C. L. 824, 825, and cases cited, including Manistee Mill Company v. Hobdy, 165 Ala. 411, 50 So. 871; also cases cited in the opinion of Judge KOONCE.

The suit was not brought against a partnership as a legal entity; it was brought against Strauss and Clarkson "as co-partners doing business under the name and style of Florida Crushed Rock Company." That this amounted to a suit against each of them as individuals, as well as in the alleged partnership relation, is borne out by the following authorities. In Richardson v. Smith, 21 Fla. 336, it was held that an unincorporated company or partnership cannot sue in its company or firm name, but must sue in the name of the individuals composing it. In Marx Brothers v. Culpepper, 40 Fla. 322, 24 So. 59, it was said by this court: "The partnership name is of small or no importance, and in this state suits by or against partners must be in the individual names of the firms." Citing several Florida cases. In the opinion in that case, the following quotation from a Massachusetts case is quoted with approval: "It is said that a firm is a legal person, and that a dead person cannot sue, but a firm is not a person in the sense supposed. For technical purposes of suing or being sued, the law does not know the firm, but only the men composing it." At common law, a firm or partnership is not regarded as a legal entity apart from the members composing it, and hence a partnership as such could not sue or

be sued in the firm name, all actions running in the name of the individuals associated as partners. 22 Am. & Eng. Encyc. of Law, 7576. However, it is very well said, in 30 Cyc. 422, 423, that: "While it has been stated broadly that a partnership is but a relation and is not a legal being distinct from the members who compose it, still the law does take note on a wide scale of partnership as a legal entity and regards it as a unit both of rights and obligations, and there is a general tendency at this day to complete the recognition of a partnership as a body of itself with its own means appointed to its own debts. It is the scheme of the United States Bankruptcy Act to treat partnership as an entity, which may be adjudged as bankrupt, irrespective of any adjudication of the individual partners as bankrupts."

But it is also laid down in the same work, that, in the absence of a statutory provision, a partnership cannot sue or be sued as an entity. 30 Cyc. 556, 561.

Inasmuch as the amendment was consented to, and did not work a complete change in the parties defendant, it did not amount to a new suit, or such a departure in after pleading as would prevent such amendment from relating back to the commencement of the suit and thus avoid the running of the Statute of Limitations.

For the reasons above pointed out as well as those stated by Judge KOONCE, the judgment of the court below should be reversed.

WHITFIELD, ELLIS, TERRELL, STRUM AND BUFORD, J. J., concur.