A. JOHNSTON, as Grand Chief Engineer of Grand International Brotherhood of Locomotive Engineers for, and on behalf of said Grand International Brotherhood of Locomotive Engineers, *Plaintiff*, vs. PAUL C. ALBRITTON, Circuit Judge of the Twenty-seventh Judicial Cricuit of Florida, *Defendant*.

En Banc.

Opinion filed March 28, 1931.

*Burket & Fish, F. W. Dart, Harold H. Flower* and *F. C. Dart,* for Plaintiff;

*C. Ray Smith* and *McDonald & Dennard,* for Defendant.

TERRELL, J.—Oran P. Ward brought an action at common law in the Circuit Court of Sarasota County against B. L. E. Realty Corporation, Alexander Murphy individually and Alexander Murphy with others unknown, trading as Grand International Brotherhood of Locomotive Engineers.

To the summons ad respondendum, the sheriff made the following return:

1. "By personally serving Alexander Murphy with a true copy thereof; and by serving Grand International Brotherhood of Locomotive Engineers, a voluntary association consisting of more than seven members, to-wit: Upwards of ninety thousand (90,000) members organized and existing as such association under the laws of the State of Ohio, and having their principal office and place of business in the City of Cleveland, State of Ohio, by delivering a true copy of said summons to the said Alexander Murphy, a member of such organization in good standing."

2. "I further served and executed said summons ad respondendum on the same day and at the same time upon Grand International Brotherhood of Locomotive Engineers, a voluntary association of more than seven members, to-wit: Upwards of ninety thousand (90,-000) organized and existing as such association under the laws of the State of Ohio, and having their principal office and place of business in the City of Cleveland, State of Ohio, by delivering a copy of said summons to A. C. Bothern-By, the Business Agent of said association, resident at the time of said service in Sarasota County, Florida."

Grand International Brotherhood of Locomotive Engineers appeared specially and moved to quash the service and return because Alexander Murphy and A. C. Bothern-By were not at the time, nor had either of them been prior thereto an agent of Grand International Brotherhood of Locomotive Engineers and because the said service and return was ineffectual as to said Grand International Brotherhood of Locomotive Engineers. The motion to quash was denied and Grand International Brotherhood of Locomotive Engineers filed its petition in this court for writ of prohibition directed to the Judge of the court below. The rule nisi was granted and the

cause comes on to be disposed of on the return of the
respondent to the rule nisi.

The sole question pressed for determination in this
court is whether or not the service was sufficient to ac-
quire jurisdiction of the defendant, Grand International
Brotherhood of Locomotive Engineers.

The record discloses that Grand International Brother-
hood of Locomotive Engineers is an unincorporated
voluntary labor association, composed of ninety thousand
members with its main office at Cleveland, Ohio. The
entity through which it functions is termed the Grand
Lodge Constituted of Grand Lodge Officers and Delegates
from local lodges who as such, are members of the Grand
Lodge and when so elected, continue in office till their
successors are elected and qualified. Members generally
of the local lodges are in no sense members of the Grand
International Brotherhood of Locomotive Engineers.
Neither of the parties served was shown to be a member
of the Grand Lodge.

The law providing for service of process in this state,
is restricted to persons, Co-partnerships, and corpora-
tions. Sections 2599, 2601, and 2604 Revised General
Statutes of 1920 (Sections 4246, 4248, and 4251 Compiled
General Laws of 1927). Can voluntary associations like
petitioner be served with process under these statutes?

At common law, unincorporated, voluntary associa-
tions organized for business or other purposes were not
considered or recognized as having any other character
than that of a partnership in whatever it undertook and
could sue or be sued only in the name of its members
and liability had to be enforced against each member.
They were not recognized in court by their association
name. United Mine Workers of America vs. Coronado

Coal Co. et al, 259 U.S. 344, 42 Su. Ct. Rep. 570, 66 L. Ed. 975, 27 A. L. R. 762, Note 786 citing many cases. This is not the rule in the federal courts. United Mine Workers of America vs. Coronado Coal Co. supra. In some jurisdictions, a rule similar to that practiced in the federal courts has been adopted by statute. In this state, the common law rule as to "several persons composing a mercantile or other firm" has been abrogated by Section 2601 Revised General Statutes of 1920 (Section 4248 Compiled General Laws of 1927) and such co-partnerships may now be brought into court by service on anyone of its members, but judgment in that event will be effective only against the individual property of the member served and the property of the co-partnership. To be effective in this wise, the service must be sued out in the name of all persons composing the copartnership. Florida Brewing Company vs. Sendoya, 73 Fla. 660, 74 So. 799, Hayman vs. Weil, 53 Fla. 127, 44 So. 176.

A co-partnership of "several persons composing a mercantile or other firm" is essentially different from a voluntary association like the petitioner. As to the latter, the individual members in no wise represent the entity through which it functions nor can one individual member be subject to personal judgment by service on another member and service on one member would no more bring the association into court than service on a stockholder would bring in a corporation. The service complained of, recites that it was made by delivering a copy of said summons to Alexander Murphy, a member of said organization in good standing and to A. C. Bothern-By, the Business Agent of said association, resident at the time of said service in Sarasota County, Florida, yet the record shows that neither Alexander

Murphy nor A. C. Bothern-By were at the time of service, nor had either of them ever been the Business Agent of Grand International Brotherhood of Locomotive Engineers in Sarasota County.

In this situation, we are of the view that the common law rule for making effective service on voluntary associations like petitioner must be followed in this state as there is no indication whatever that the rule applicable to "several persons composing a mercantile or other firm" was intended to apply to them. It is too restrictive in terms to be extended to them by interpretation but if it could be the service in the instant case was ineffectual.

The writ of prohibition is therefore awarded.

BUFORD, C.J., AND WHITFIELD, ELLIS, BROWN AND DAVIS, J.J., concur.