116 So.2d 444 (1959)
FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellant,
v.
Forest F. HOMAN and Norman B. Fisher, Individually and As Partners t/a Central Paving Company, Appellees.
No. 1292.
District Court of Appeal of Florida. Second District.
December 18, 1959.
*446 Maguire, Voorhis & Wells, Orlando, for appellant.
Shepard & Dykes, Cocoa, for appellees.
SPOTO, I.C., Associate Judge.
The appellant, a New York surety company, authorized to do business in Florida, filed its complaint against Forest F. Homan, the appellee, and Norman B. Fisher, individually and as partners trading as Central Paving Company, alleging that the defendants were a Pennsylvania partnership engaged in the construction business during 1949, and thereafter, that appellant furnished a performance bond for the partnership upon a construction job to be performed in Pennsylvania; that the defendants in turn agreed to indemnify appellant against any loss on the performance bond; that such a loss was sustained in the amount of $14,257.25, and that under the terms of the indemnification agreement appellant demanded judgment against the defendants in that amount plus interest, attorneys' fees and costs. The complaint further alleged that Forest F. Homan resided in Brevard County, Florida, at the time of suit, and that the residence of the other defendant was unknown. The complaint did not allege whether the partnership had been engaged in any business within the state of Florida.
The sheriff's return showed service upon defendant Forest F. Homan in Brevard County, Florida, and an inability to locate defendant Norman B. Fisher within the county.
The appellee, Forest F. Homan, individually and as a "retired partner of the Pennsylvania partnership known as Central Paving Company" moved to dismiss the complaint for failure to state a cause of action, lack of jurisdiction over the subject matter, and lack of jurisdiction over the person. No appearance was made nor were any defensive pleadings filed on behalf of the partnership or of defendant Norman B. Fisher. The only issues passed upon by the court below and argued before this Court relate to jurisdiction over the subject matter and jurisdiction over the person of defendant Forest F. Homan.
Although the court below adopted the appellee's contention in his motion to dismiss that the Court lacked jurisdiction over the subject matter, the appellee has conceded before this Court that the court below had general jurisdiction over actions for breach of contract. Hence, the question is basically one of jurisdiction over the person.
Appellee's contention is that, because the partnership has never engaged in business in Florida, the Court has no jurisdiction over the partnership nor over the person of an individual partner. There is no allegation in the complaint that the partnership has not engaged in business in the State. The parties, however, have submitted to the Court the question of jurisdiction over the person upon the assumption that the partnership did not engage in business within the state of Florida, and this Court will, therefore, dispose of the question.
There is no special statutory prerequisite for service of process upon a partnership that it be engaged in business within the state of Florida. The applicable provision in the Florida Statutes dealing with service of process is found in Section 47.15, which reads as follows:

*447 "When any original process is sued out against several persons composing a mercantile or other firm, the service of said process on any one member of said firm shall be as valid as if served upon each individual member thereof; and the plaintiff may, after service upon any one member as aforesaid, proceed to judgment and execution against them all."
No distinction is made in the statute as to whether the defendants or their partnership are residents or nonresidents. The statute consequently should be construed to apply equally to nonresidents in the absence of any constitutional impediment. No objection has been made on behalf of the partnership as such, and the only objection is being made by appellee individually and as a "retired partner". Appellee cites no precedent, as a matter of procedural due process or otherwise, which would preclude a Florida court from exercising jurisdiction over a Florida resident, duly served with process, upon a partnership obligation incurred outside the State.
It has been repeatedly held, under the above-quoted statutory provision, that suit may be filed against the members of a partnership or of a dissolved partnership and, based upon service on one of the partners, judgment may be entered which will be enforced against the individual assets of the partner who is served, although it does not bind the individual assets of any partner who is not served: Nathan v. Thomas, 63 Fla. 235, 58 So. 247; 65 Fla. 386, 62 So. 206; Florida Brewing Co. v. Sendoya, 73 Fla. 660, 74 So. 799; I. Epstein & Bro. v. First National Bank of Tampa, 92 Fla. 796, 110 So. 354; and Johnston v. Albritton, 101 Fla. 1285, 134 So. 563. Based upon these authorities, it is this Court's conclusion that Florida has jurisdiction in this case over the person of the appellee sufficient to sustain a judgment against him and provide recourse against his assets.
In resisting jurisdiction, appellee relies on authorities that, upon a cause of action arising elsewhere, a foreign corporation not doing business in Florida cannot be served through an officer who happens to reside in this State, and that in Louisiana, the same is true of partnerships and their individual partners, citing Snyder v. Davison, 172 La. 274, 134 So. 89. As subsequently stated by the Louisiana court in Elfer v. Mintz, La. App., 7 So.2d 416, that State follows the civil law in holding that a partnership is a legal entity distinct from the persons who comprise it. Appellee's argument is, therefore, unacceptable because both Florida and Pennsylvania are common law States whose courts have refrained from holding that a partnership is a separate legal entity apart from the individuals who comprise it. In the Epstein case, supra, the Supreme Court of this State showed an unwillingness to accept the contention that a partnership is a legal entity, holding, on the contrary, that an action against partners amounts to a suit against each of them as individuals as well as in the capacity of partners.
Appellee further contends that, under the doctrine of forum non conveniens, Florida should decline to exercise its jurisdiction in this case. The facts assumed on appeal are not sufficient to justify withholding exercise of the Court's jurisdiction under that doctrine: Hagen v. Viney, 124 Fla. 747, 169 So. 391; 8 Fla. Jr. 363-364; 21 C.J.S. Courts §§ 77-79, pp. 114-120. The court below did state, in the order of dismissal, that appellee's liability should be asserted ab initio in the jurisdiction where the partnership is domiciled or where it is engaged in business. In holding that the court below should exercise jurisdiction under the averments in the complaint, this Court does not intend to preclude appellee from asserting defensive pleadings which would justify the Court in refusing to exercise jurisdiction.
In reversing the order of dismissal for further proceedings consistent with *448 the views expressed herein, the Court feels constrained to add that a refusal to exercise jurisdiction in cases where a partnership is dissolved or the partners retire and leave the State where they operated their business could well result in a complete frustration of the fundamental principle that for every right there is a remedy.
Reversed and remanded.
KANNER, Acting Chief Judge, and SHANNON, J., concur.