**GENTRY, et al v. LOUISIANA POWER & LIGHT CO.**

No. 11509.

Circuit Court, Leon County.

November 10, 1966.

Harry L. Michaels of Ausley, Ausley, McMullen, O'Bryan, Michaels & McGehee, Tallahassee, and Keirr & Gainesburgh, New Orleans, La., for plaintiffs.

Douglass B. Shivers of Cotten, Shivers, Gwynn & Daniel, Tallahassee, and Monroe & Lemann, New Orleans, La., for defendant.

GUYTE P. McCORD, Jr., Circuit Judge.

This cause came on for final hearing upon defendant's motion to dismiss based on the doctrine of forum non conveniens. Affidavits have been filed in support of and in opposition to the motion. The court has considered the pleadings, the affidavits and the briefs and arguments of counsel for the respective parties.

Under the doctrine of forum non conveniens the court has power in the exercise of its discretion to decline jurisdiction when it appears that the scene of the controversy is laid in another state, making it necessary for the litigants and witnesses to come from that state to try the cause in the state where juris-

diction is invoked. See Gore v. United States Steel Corporation, 15 N.J. 301, 104 A.2d 670, cert. den., 348 U.S. 861. The doctrine of forum non conveniens is recognized in Florida. In Hagen v. Viney, 124 Fla. 747, 169 So. 391, the Supreme Court of Florida held it to be settled law that courts of one state are not required to assume jurisdiction of causes between nonresidents arising in other jurisdictions. In Fidelity and Casualty Company of New York v. Homan, 116 So.2d 444 (Fla. App. 2d Dist.), a corporation authorized to do business in Florida sued two defendants, one of which was alleged to be a Florida resident. The cause of action was based on a contract to be performed in Pennsylvania and the trial court dismissed under the doctrine of forum non conveniens. The court of appeals reversed but stated that its decision did not preclude a later dismissal if additional facts warranted the court refusing to exercise its jurisdiction.

Except for the circumstance that the Florida Supreme Court does not appear to have yet had occasion to rule that the doctrine may be applied to a suit against a Florida resident, this present cause appears to be a classic example of a case in which the doctrine should be applied.

Defendant, Louisiana Power & Light Co., has its headquarters and general office in Louisiana and is engaged in the transmission, distribution and sale of electric energy wholly and entirely within the state of Louisiana, having around 15,000 miles of electric lines throughout that state and having no electric lines or other facilities or operations elsewhere. All of its officers reside in the Greater New Orleans area and have their offices in New Orleans. All of the property of said corporation is located entirely within Louisiana. The rates and conduct of business of defendant are regulated by the Louisiana Public Service Commission and by no other state commission.

But, strange as it may seem, this defendant is a Florida corporation and is subject to be sued in Florida for its torts committed in the conduct of its business in Louisiana unless this court invokes the doctrine of forum non conveniens. Other states have not held the doctrine to be so limited that it does not apply when the defendant is a resident of the state where suit is brought. See Gore v. United States Steel Corporation (New Jersey), supra; Gonzales v. Atchison Topeka and Santa Fe Railway Co., 371 P.2d 193 (Kansas); Winsor v. United Air Lines, Inc., 154 A.2d 561 (Delaware). It is the view of this court that the doctrine may be invoked in a proper case even though the defendant is a Florida resident.

As opposed to the circumstance that defendant is a Florida corporation, we have the following factors to consider on the question of forum non conveniens —

(1) The allegations of the complaint which set forth the circumstances out of which this alleged cause of action arose are to the effect that on or about September 9, 1965, due to the action of Hurricane Betsy, certain power transmission lines of defendant were blow down across the Tennessee Gas Canal, a public waterway in Lafourche Parish, Louisiana, creating a dangerous condition which was known or should have been known to defendant but was unknown to plaintiffs; that at approximately 8 P.M. on December 4, 1965, plaintiff, Basil Gentry, was operating in said canal an outboard powered motor vessel, in which plaintiff, Charles Wallace, was a passenger, when without warning the vessel collided with the downed transmission lines, resulting in injury to plaintiffs. Thus, the cause of action arose in the state of Louisiana.

(2) Both plaintiffs are residents of the state of Louisiana.

(3) All of the witnesses, including the treating physicians, are in Louisiana and are not amenable to compulsory process issued in Florida, though it appears that plaintiffs were the only eye witnesses to the accident and plaintiffs have offered to assume the expense of providing medical testimony in Florida of the doctors who have examined plaintiffs.

(4) While it does not appear to the court at this stage of the proceeding that a view of the premises would be practical or would add anything to the photographs exhibited to the court, should a view become important for any reason it could not be held by the Florida court.

(5) Either admiralty law or the law of Louisiana (a civil law system based upon French, Spanish and Roman law), rather than Florida law (which is based upon English common law), would apply to the case insofar as substantive law may be involved.

(6) Plaintiffs and defendant are represented by Louisiana attorneys who have associated Florida counsel.

It is the view of this court that the foregoing factors greatly outweigh the factor that defendant is a Florida corporation. The state of Louisiana is obviously a far more convenient forum for the trial of this negligence action which arose in Louisiana than is Florida. It can be tried there at much less expense and at much greater convenience for all parties. The factor that plain-

tiffs were the only two eye witnesses to the accident and that plaintiffs offer to bear the expense of bringing the medical testimony to Florida would certainly not preclude defendant calling other witnesses if it feels such to be necessary or advisable for its defense.

It is therefore ordered and adjudged that defendant's motion to dismiss is granted, and this cause is dismissed without prejudice to plaintiffs to refile this suit in a more convenient forum.