973 So.2d 533 (2007)
50 STATE SECURITY SERVICE, INC., Appellant,
v.
William A. MURRAY, Appellee.
No. 3D07-1717.
District Court of Appeal of Florida, Third District.
December 26, 2007.
Beckham & Beckham, and Pamela Beckham, Miami, for appellant.
*534 George M. Evans, for appellee.
Before CORTINAS, LAGOA, and SALTER, JJ.
SALTER, J.
50 State Security Service, Inc. ("Security Service") appeals the circuit court's nonfinal order denying a motion to release funds previously deposited by Security Service into the registry of the court. The appellee, William A. Murphy, was the defendant and counter-plaintiff below in a lawsuit involving alleged breaches of an employment contract between Security Service and Murphy.
Finding that Murphy has no vested or continuing interest in the funds in the registry, and that those funds are not a specific res at issue in what remains of the lawsuit, we reverse.
The Lawsuit and Agreed Order
Murphy signed an employment contract with Security Service in 1998 and worked for the company through April of 2004. In the lawsuit that followed, Security Service claimed that it terminated Murphy for cause. Security Service also asserted that it had the right to enforce a covenant not to compete and certain contract provisions pertaining to confidential and proprietary business information. Murphy counterclaimed for termination damages, including bonus compensation allegedly payable under the employment agreement.
Concerned that the termination bonus was the consideration for Murphy's covenant not to compete, and purportedly unaware that Murphy had actually begun to compete, Security Service moved to deposit the termination bonus amount (less applicable taxes and the Clerk's registry fee), the sum of $80,484.24, into the registry to be payable to Murphy "provided Murphy complies with his contractual obligations including, but not limited to, the covenant not to compete."[1]
Murphy did not object to the payment of that amount into the registry, and an agreed order was entered by the trial court directing the clerk to accept the deposit. The agreed order did not specify any conditions, deadlines, or other terms relating to the subsequent or ultimate disposition of the deposit. There is no assertion that Murphy had any lien or security interest in the funds deposited by Security Service pursuant to the agreed order.
Security Service's Motion for Return of the Funds in the Registry
In mid-2005, Security Service filed a motion seeking to withdraw the funds on deposit, alleging that Murphy had taken new employment with a competitor, thereby clearly breaching the employment contract. The motion was heard at a motion calendar and denied without prejudice. Thereafter, Security Service voluntarily dismissed its claims against Murphy, and Murphy filed a motion for the release of the $80,424.24 in the registry to Murphy. That motion was denied.
Security Service then filed a further motion for the return of the funds to Security Service, including a memorandum of law, and specially set the motion for a more extended hearing. The trial court denied the motion, apparently concerned that the predecessor judge had denied a similar motion without prejudice at a motion calendar hearing over a year earlier. This appeal followed.
Analysis
We have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii). Because the trial court's ruling turns on an issue of law rather than evidentiary or *535 procedural[2] questions, our review is de novo.
Murphy's rights to any bonus were, and are, unsecured contractual claims in the lawsuit; Murphy has never claimed a lien, security interest, or other right in the specific funds placed on deposit by Security Service. The fact that Security Service moved for and obtained an agreement between counsel to place the bonus amount in the registry did not alter that fact. Security Service's stated basis for making such a deposit was to disarm any affirmative defense by Murphy that Security Service had to do so as a condition precedent to the enforcement of the non-competition and other provisions of the employment agreement.
But once Security Service concluded that Murphy had breached the non-competition provision and voluntarily dismissed any claim against Murphy, Security Service was entitled to the return of its funds.[3] The funds were not themselves the proper subject of any claim for relief. Based on "well-established law which does not authorize a court, in an action at law for money damages, to restrain a defendant from using its unrestricted assets prior to the entry of judgment," the order below must be reversed and remanded to the trial court with instructions to grant Security Service's motion. RCA Records Label, Inc. v. Reyes, 922 Sold 367 (Fla. 3d DCA 2006). Otherwise, the order below would in effect continue an injunction without the requisite legal and evidentiary showings, and without a bond. Ksaibati v. Ksaibati, 824 So.2d 219, 222 (Fla. 2d DCA 2002). Nor has Murphy shown any equitable claims to support a continuation of an order freezing Security Service's funds before judgment. Rosen v. Cascade Int'l, Inc., 21 F.3d 1520 (11th Cir.1994).
Reversed and remanded.
NOTES
[1] Security Service's "Motion to Deposit Funds into Court Registry" at 6.
[2] Florida Rule of Civil Procedure 1.600, "Deposits in Court," requires a court order for a deposit into, or a withdrawal of funds from, the court registry. The rights of the parties to the funds on deposit and before judgment remain a matter of substantive law, however.
[3] We do not regard the fact that Security Service initiated the deposit and agreed order as an invited error or as a predicate for estoppel. Murphy has made no claim of detrimental reliance or prejudice, and merely wants to continue what is now effectively a prejudgment attachment without bond.