# Third District Court of Appeal

## State of Florida

Opinion filed April 5, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-770
Lower Tribunal No. 21-193-P
_____

**Woolems, Inc.,**
Appellant,

vs.

**Catalina Caststone Creations, Inc.,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Monroe County, Timothy J. Koenig, Judge.

Mrachek, Fitzgerald, Rose, Konopka, Thomas & Weiss, P.A., and Alan B. Rose and Daniel A. Thomas (West Palm Beach), for appellant.

Hershoff, Lupino & Yagel, LLP, and James S. Lupino and Matthew O. Hutchinson, for appellee.

Before FERNANDEZ, C.J., and LOGUE and HENDON, JJ.

HENDON, J.

Woolems, Inc. ("Woolems") appeals from a non-final order denying a motion seeking the release of its lien transfer bond, appealable under Rule 9 .130(a)(3)(B) of the Florida Rules of Appellate Procedure. We affirm.

Facts

Third-party defendant Stone House 1, LLC ("Stone House") contracted with Woolems, a general contractor, to provide construction materials and services to renovate property on Key Largo. Woolems subcontracted with Appellee Catalina Caststone Creations, Inc. ("Catalina") to do the exterior stonework. Catalina alleges that after it completed its work, Woolems refused to pay it pursuant to their contract. Woolems advised Catalina that it allegedly failed to complete its work on time, performed defective and incomplete work, and caused unnecessary expenses to Woolems.

On April 30, 2021, Catalina filed and recorded a construction lien against Stone House's property and sent a copy to Stone House and to Woolems. Woolems subsequently filed a complaint against Catalina for discharge of the lien pursuant to section 713.21(4), Florida Statutes, asserting that because of delays, work defects, repairs, and cost overruns, among other things, the damages to Woolems exceeded Catalina's claimed lien amount.

2

In June 2021, Catalina filed its answer and affirmative defenses to Woolems' complaint, and also filed a counterclaim and third-party complaint against Stone House for breach of contract, quantum meruit, unjust enrichment, and account stated. On June 22, 2021, after Woolems filed its complaint and posted a $46,118.27 cash deposit ("Cost Deposit") as security, and after Catalina had answered Woolems' complaint, Woolems filed a lien transfer bond with the Monroe County Clerk of Courts pursuant to section 713.24, Florida Statutes.[1] That statute provides that on

---

[1] Section 713.24 (1) provides:
(1) Any lien claimed under this part may be transferred, by any person having an interest in the real property upon which the lien is imposed or the contract under which the lien is claimed, from such real property to other security by either:
(a) Depositing in the clerk's office a sum of money, or
(b) Filing in the clerk's office a bond executed as surety by a surety insurer licensed to do business in this state, either to be in an amount equal to the amount demanded in such claim of lien, plus interest thereon at the legal rate for 3 years, plus $1,000 or 25 percent of the amount demanded in the claim of lien, whichever is greater, to apply on any attorney's fees and court costs that may be taxed in any proceeding to enforce said lien. Such deposit or bond shall be conditioned to pay any judgment or decree which may be rendered for the satisfaction of the lien for which such claim of lien was recorded. Upon making such deposit or filing such bond, the clerk shall make and record a certificate showing the transfer of the lien from the real property to the security and shall mail a copy thereof by registered or certified mail to the lienor named in the claim of lien so transferred, at the address stated therein. Upon filing the certificate of transfer, the real property shall thereupon be

filing the certificate of transfer, the real property shall be released from the claimed lien and the lien is transferred to the security. At that point, the cloud on Stone House's property was legally removed. Woolems did not notify the trial court or Catalina's counsel that it had filed a Cost Deposit, but the Clerk of Court mailed, via certified mail, a copy of the Certificate of Transfer of Lien to Security to Stone House and Catalina.

On June 29, 2021, Stone House filed a notice of contest of lien to Catalina, noting that Catalina had sixty days after the date of the Clerk's certification of that notice within which to file suit to enforce the lien. The record shows that the Clerk did not send Stone House's Notice of Contest of Lien to Catalina until October 19, 2021. Catalina did not file any response to Stone House's Notice of Contest of Lien. On October 26, 2021, Catalina filed its motion to file a third-party complaint, and the trial court granted Catalina's request to add Stone House as a third-party defendant. In its third-party complaint, Catalina asserted a count against Stone House to foreclose Catalina's original lien against the property,

released from the lien claimed, and such lien shall be transferred to said security. In the absence of allegations of privity between the lienor and the owner, and subject to any order of the court increasing the amount required for the lien transfer deposit or bond, no other judgment or decree to pay money may be entered by the court against the owner. . . .

(Emphasis added).

4

rather than against Woolems to enforce the transferred lien against security posted by Woolems back in June 2021.

On December 23, 2021, Woolems filed a motion for release of its Cost Deposit. Woolems asserted that pursuant to section 713.24(4), Catalina was required to file suit against Woolems within one year, unless shortened by operation of law as provided by sections 713.22(1) and (2), Florida Statutes. Woolems contended that under section 713.22, Stone House's notice of contest of lien filed June 29, 2021, recorded in July 2021, and noticed to Catalina by the Clerk of Court in October 2021, gave Catalina sixty days after the October certification of service of such notice to file suit against Woolems. Woolems contended that, as applied, section 713.22 indicates that, because the lienor (Catalina) did not file suit to enforce its claim of lien as against the lien's owner (Woolems) within sixty days, the lien was automatically extinguished.

On the same day Woolems filed its motion for release of Cost Deposit, Catalina filed a first amended third-party complaint, asserting a claim to enforce its lien against Stone House, not Woolems. Interestingly, Catalina attached the Clerk's certificate which clearly shows Woolems, not Stone House, is the party that posted the Cost Deposit.

Stone House timely filed a motion to dismiss Catalina's third-party complaint, asserting, in part, that the lien transfer bond clearly shows that Woolems, not Stone House, is the proper party against whom to seek lien foreclosure. Stone House additionally contended, in accord with Woolems' argument, that the purported lien against it was automatically extinguished by operation of law as a result of Catalina's failure to timely sue Woolems on the lien transfer bond within the statutory sixty days after service of the notice of contest.[2]

On February 24, 2022, Catalina filed a motion for leave to file a first amended counterclaim now seeking to commence a claim against Woolems to enforce its lien against the Cost Deposit security. The trial court granted Catalina's motion to file a first amended counterclaim against Woolems to assert claims against the Cost Deposit security.

On March 4, 2022, the trial court held a hearing on Woolems' motion for release of its Cost Deposit. The trial court bifurcated the arguments into 1) the timing issue related to Catalina's alleged failure to sue Woolems on the Cost Deposit security within sixty days of service of Woolems' notice of contest, pursuant to section 713.22, Florida Statutes, and 2) whether

---

[2] Stone House also moved to dismiss Catalina's remaining counts against it for quantum meruit and unjust enrichment, or to abate. Those issues are not on appeal here.

Catalina sued the wrong party, Stone House, and if that was fatal to its claim. After hearing arguments from the parties, the trial court found Catalina's amended counterclaim timely filed as it related back to Catalina's original filing against Stone House. In the order on appeal, the trial court granted Stone House's unopposed motion to dismiss count 1 of Catalina's third-party complaint against Stone House for lien foreclosure,[3] and denied Woolems' motion to release its Cost Deposit. Woolems appealed.

We have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii). Because the trial court's ruling turns on an issue of law, our review is de novo. 50 State Sec. Serv., Inc. v. Murray, 973 So. 2d 533, 534–35 (Fla. 3d DCA 2007).

Analysis

The trial court correctly applied the relation-back doctrine to find that Catalina's amended counterclaim against Woolems was timely filed, although it was filed outside the limitations period provided by sections 713.22 and .24,

---

[3] The trial court stated that, because this was an in rem action against an alternate security and not the Stone House property, Catalina's counts 2 and 3 (quantum meruit and unjust enrichment) against Stone House were essentially eliminated. However, as those counts were the subject of a motion to dismiss, the court and parties agreed to set those counts for a later hearing.

7

Florida Statutes. For purposes of applying the relation-back doctrine, we observe that Catalina's amended counterclaim filed outside the limitations period did not introduce a new party; the real parties, interests, and essential elements of controversy remained the same as when Stone House was named as defendant in Catalina's original complaint and in its amended third-party complaint. Caduceus Props., LLC v. Graney, 137 So. 3d 987, 993 (Fla. 2014) (holding an amended pleading does not actually introduce a new defendant when it merely adjusts the status of an existing party) (citing I. Epstein & Bro. v. First Nat'l Bank of Tampa, 92 Fla. 796, 110 So. 354, 355–56 (1926) (holding that an amendment filed after the expiration of the statute of limitations period, seeking to change the status of one defendant from a representative capacity to an individual capacity and dismissing the other defendant, was not time-barred because it was merely a change in the status of the parties before the court and did not introduce a new party or cause of action)). Generally, "the relation-back doctrine does not apply when an amendment seeks to bring in an entirely new party defendant to the suit after the statute of limitations period has expired." Id. at 994.[4] That is not the case

_____

[4] See section 1.190:31 Relation Back; Subdivision (c)— Generally: Applicable Standard; Liberal Construction; Overcomes Strict Statutory Limitations, 4 Fla. Prac., Civil Procedure § 1.190:31, which provides, in relevant part,

8

here. See also Palafrugell Holdings, Inc. v. Cassel, 825 So. 2d 937, 940 (Fla. 3d DCA 2001) (holding that, although "the original complaint sought a different form of relief than that requested in the amended complaints," amendments would relate back where "the alleged facts which underlie the complaint and its amended versions are fundamentally the same"). This comports with Florida's liberal policy regarding motions to amend. Drish v. Bos, 298 So. 3d 722, 724 (Fla. 2d DCA 2020). Further, "all doubts should be resolved in favor of allowing the amendment and refusal to do so generally constitutes an abuse of discretion unless it clearly appears that 1) allowing the amendment would prejudice the opposing party, 2) the privilege to amend has been abused, or 3) amendment would be futile." Id. (quoting Crown v.

---

Subdivision (c) of Rule 1.190 provides an exception, however, for amended pleadings which assert a claim or defense arising out of "the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading" in which event, the amendment relates back to the date of the original pleading. No particular "relation back" language is necessary. This broad language represents a liberalization of the pre-rule law that the relation back doctrine was limited to amendments that did not state a new cause of action. Also, subdivision (c) is itself to be liberally construed in favor or its relation-back effect. That strict statutory time limitations may apply, as, for example, under Florida's mechanic's lien law, does nothing to detract from the effect of the procedural relation-back rule.

(Citations omitted, emphasis added).

<u>Chase Home Fin.</u>, 41 So. 3d 978, 979-80 (Fla. 5th DCA 2010)). None of those elements are present here.

We conclude that Catalina's amended counterclaim asserted against Woolems related back to its original and timely-filed contest of lien against Stone House. The lien was thus not automatically extinguished by operation of sections 713.22(1) and (2), Florida Statutes, and Catalina's claim against the alternate security – the Cost Deposit – can proceed. Accordingly, we affirm the order denying Woolems' motion for release of its Cost Deposit.

Affirmed.