DAUKSCH, Judge.
This is an appeal from a final judgment denying the plaintiff’s motion to amend and entering summary judgment in favor of the defendant Royal Bank of Canada.
The plaintiff's original cause of action against Royal Bank for conversion is barred by the statute of limitations.[1] But it was error to enter summary judgment without leave to amend in the face of the plaintiff’s amended complaint which states a cause of action for breach of contract. Hart Properties, Inc. v. Slack, 159 So.2d 236 (Fla.1963); Roberts v. Braynon, 90 So.2d 623 (Fla.1956); Sarasota Commercial Refrigeration & Airconditioning, Inc. v. Schooley, 381 So.2d 1141 (Fla. 2d DCA 1980); Firestone Tire & Rubber Co. v. Thompson Aircraft Tire Corp., 353 So. 2d 137 (Fla. 3d DCA 1977). The cause of action for breach of contract is not barred by the statute of limitations[2] because it relates back to the date of the original pleading since the alleged conduct is the same. Fla.R.Civ.P. 1.190(c); David Miller Distributing Co., Inc. v. Florida National Bank at Arlington, 342 So.2d 856 (Fla. 1st DCA 1977); Turner v. Trade-Mor, Inc., 252 So.2d 383 (Fla. 4th DCA 1971).
The final judgment is reversed and the cause remanded with directions to grant the plaintiff leave to amend the complaint.
REVERSED and REMANDED.
ORFINGER and COBB, JJ., concur.

. § 95.11(3)(h), Fla.Stat. (1987).

. § 95.11(2)(b), Fla.Stat. (1987).