681 So.2d 826 (1996)
CYGNET HOMES, INC., Appellant,
v.
KALENY LIMITED OF FLORIDA, INC., Appellee.
No. 96-1698.
District Court of Appeal of Florida, Fifth District.
October 11, 1996.
Steven A. Krieg of Mario, Moreau, McDonald and Krieg, Cocoa, for Appellant.
Kenneth C. Crooks of Dean, Mead, Spielvogel, Goldman & Boyd, Melbourne, for Appellee.

ON MOTION TO DISMISS
DAUKSCH, Judge.
Appellee has moved to dismiss this appeal on the grounds that section 607.1622(8), Florida Statutes (1995) bars an administratively dissolved Florida corporation from maintaining any action in the courts of this state. Appellant contends that sections 607.1421(3) and 607.1405(2)(e), Florida Statutes (1995) permit a dissolved corporation to commence proceedings in its own name as long as it is necessary to wind up and liquidate its business. We agree with appellant.
Section 607.1622, Florida Statutes (1995) pertains to an undissolved corporation's requirement to provide the Department of State with a sworn annual report. When read within the context of section 607.1622, it is evident that section 607.1622(8) provides the penalty for an undissolved corporation's failure to submit its annual report to the Department of State.
Section 607.1421(3), says that an administratively dissolved corporation "continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs under s. 607.1405...." Section 607.1405(2)(e), provides, "Dissolution of a corporation does not prevent commencement of a proceeding by or against the corporation in its corporate name." A proceeding is defined as including "civil suits and criminal, administrative, and investigatory action." § 607.01401(20), Fla. Stat. (1995). Appellant contends this claim is an attempt to collect assets. Therefore, Appellant is not barred from maintaining or defending this action.
MOTION DENIED.
GOSHORN and GRIFFIN, JJ., concur.