765 So.2d 134 (2000)
RON'S QUALITY TOWING, INC., Appellant,
v.
SOUTHEASTERN BANK OF FLORIDA and Floyd Pridgeon, Appellees.
No. 1D99-1106.
District Court of Appeal of Florida, First District.
June 22, 2000.
Rehearing Denied July 21, 2000.
*135 William B. Watson, III, of Watson, Folds, Steadham & Walker, P.A., Gainesville, for Appellant.
Charles B. Carter of Carter & Drylie, P.A., Gainesville, for Appellee Southeastern Bank of Florida.
PER CURIAM.
Ron's Quality Towing, Inc. ("Quality") appeals summary judgment entered on grounds that claims it made against Southeastern Bank of Florida ("Southeastern") and Floyd Pridgeon are barred by the statute of limitations. Quality also seeks to overturn two earlier interlocutory orders dismissing other claims for failure to state a cause of action. We affirm in part, reverse in part, and remand for further proceedings.
On November 28, 1994, a complaint was filed on behalf of "William Ronald Hill, individually and f/d/b/a Ron's Quality Towing, Inc., an involuntarily dissolved Florida corporation." The complaint alleged civil conspiracy, fraud, civil theft, and breach of fiduciary duty in that, on June 11, 1991, Southeastern's predecessor in interest agreed to lend Quality money, some of which was earmarked for the repair of a tow truck. The complaint further alleged that Southeastern required, as a condition of the loan, that Quality have the tow truck repaired by one of Quality's competitors, a company owned by Floyd Pridgeon, and that Southeastern and Pridgeon agreed to delay repairs on the truck in order to force Quality into insolvency.
On January 6, 1995, Southeastern filed a motion to dismiss, arguing that Mr. Hill (even "formerly doing business as Quality") was not a proper party to the action because the loan had been made to Quality, not to Mr. Hill individually. At the time the motion to dismiss was filed, Quality had been dissolved. An administratively dissolved corporation is not, however, precluded from bringing or defending an action in its corporate name. See § 607.1405(2)(e), Fla. Stat. (1995); Levine v. Levine, 734 So.2d 1191, 1196-97 (Fla. 2d DCA 1999); Cygnet Homes, Inc. v. Kaleny Ltd. of Fla., Inc., 681 So.2d 826, 826 (Fla. 5th DCA 1996).
Quality was reinstated as a corporation shortly before it filed its fourth amended complaint. Each time Quality amended its complaint, repleading the relationship between Quality and Mr. Hill and refining the plaintiffs' claims, the defendants filed motions to dismiss. Finally, Southeastern filed a motion for summary judgment, which the trial court granted on February 17, 1999, on grounds that Quality had not become a party to the action until all statutes of limitations relevant to the action had expired.
On appeal, as below, Quality argues that its initial, timely complaint laid out the factual basis of its claims and that the amended complaints filed after it was reinstated as a corporation should relate back to this original complaint. We agree. Florida Rule of Civil Procedure 1.190(c) provides:
When the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.
The relation back doctrine set forth in Rule 1.190(c) is to be applied liberally. See Schwartz ex rel. Schwartz v. Wilt Chamberlain's of Boca Raton, Ltd., 725 So.2d 451, 454 (Fla. 4th DCA 1999); R.A. Jones & Sons, Inc. v. Holman, 470 So.2d 60, 66 (Fla. 3d DCA 1985). It applies in *136 the present case because the claims "asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fla. R. Civ. P. 1.190(c).
Addition of a new party plaintiff should be permitted if the new and former parties have an identity of interest so as not to prejudice the adverse party by the addition. See City of Miami v. Cisneros, 662 So.2d 1272, 1274 (Fla. 3d DCA 1995); Roger Dean Chevrolet, Inc. v. Lashley, 580 So.2d 171, 173 (Fla. 4th DCA 1991). Southeastern argues that it has suffered prejudice, notwithstanding the identity of interest between Mr. Hill and Quality.
But pleadings filed before the statutes of limitations ran put Southeastern on notice of the operative facts, including the fact that the claim was in effect being brought by the party eventually "added." See Holman, 470 So.2d at 67 (quoting Williams v. United States, 405 F.2d 234, 238 (5th Cir. 1968)). We are mindful of what was said in Cabot v. Clearwater Constr. Co., 89 So.2d 662, 664 (Fla.1956):
[T]he objective of all pleading is merely to provide a method for setting out the opposing contentions of the parties. No longer are we concerned with the `tricks and technicalities of the trade'. The trial of a lawsuit should be a sincere effort to arrive at the truth. It is no longer a game of chess in which the technique of the maneuver captures the prize.
Southeastern was made aware from the very beginning that Hill and Quality were essentially one and the same. Southeastern was also made fully aware of the transaction that gave rise to Quality's claims. See Kiehl v. Brown, 546 So.2d 18, 19 (Fla. 3d DCA 1989) ("`[A]n amendment which merely makes more specific what has already been alleged generally, or which changes the legal theory of the action, will relate back even though the statute of limitations has run in the interim.'") (quoting Keel v. Brown, 162 So.2d 321, 323 (Fla. 2d DCA), cert. denied, 166 So.2d 753 (Fla. 1964)); Turner v. Trade-Mor, Inc., 252 So.2d 383, 384 (Fla. 4th DCA 1971) ("The test of whether an amendment ... sets forth a `new cause of action' is not whether the cause of action stated in the amended pleading is identical to that stated in the original. Rather, the test is whether the pleading as amended is based upon the same specific conduct, transaction or occurrence between the parties upon which the plaintiff tried to enforce his original claim.").
By amending its complaint to reflect the fact that it had been reinstated as a corporation, Quality did not bring a stranger into the lawsuit, see, e.g., West Volusia Hosp. Auth. v. Jones, 668 So.2d 635, 636 (Fla. 5th DCA 1996), nor was Quality attempting to amend its claim so as to state new facts giving rise to new and separate causes of action. See, e.g., Lefebvre v. James, 697 So.2d 918, 920 (Fla. 4th DCA 1997); Tanner v. Hartog, 678 So.2d 1317, 1319 (Fla. 2d DCA 1996). Southeastern had adequate notice of the claims against it and the party or parties who had an identity of interest in bringing those claims. See, e.g., Bilic v. New Fairways Invs. of Fla., Inc., 543 So.2d 458, 458 (Fla. 5th DCA 1989) (permitting a breach of contract action to relate back to a timely complaint that alleged conversion where both claims were based on the same alleged conduct).
Quality also questions two of the trial court's earlier orders, which dismissed claims for failure to state causes of action. With respect to Quality's claims of fraud and tortious interference with a business relationship, we agree with the dismissal and affirm. But Quality properly alleged a breach of the duty of good faith and fair dealing, see Greenfield v. Manor Care, Inc., 705 So.2d 926, 929 (Fla. 4th DCA 1997), appeal dismissed, 717 So.2d 534 (Fla.1998), and properly stated a claim of civil conspiracy. See Churruca v. Miami Jai-Alai Inc., 353 So.2d 547, 549-50 (Fla.1977); Peoples Nat'l Bank of Commerce *137 v. First Union Nat'l Bank of Fla., 667 So.2d 876, 879 (Fla. 3d DCA 1996). These claims are not barred by the economic loss rule. See generally Moransais v. Heathman, 744 So.2d 973, 979-83 (Fla. 1999). Accordingly, we reverse the trial court's grant of summary judgment and reinstate the claims for breach of contract and breach of fiduciary duty that the motion addressed. We also reverse the trial court's earlier dismissal of Quality's claims for civil conspiracy and for breach of the duty of good faith and fair dealing. Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
ALLEN, LAWRENCE, and BENTON, JJ., CONCUR.