765 So.2d 281 (2000)
VACATION BREAK OF BOCA RATON, INC., a dissolved corporation, Appellant,
v.
Richard C. BREEDEN, Trustee for Aloha Leasing, a division of the Bennett Funding Group, Inc., Appellee.
No. 4D99-3024.
District Court of Appeal of Florida, Fourth District.
August 16, 2000.
Katherine H. Donohue of Katherine H. Donohue, P.A., West Palm Beach, for appellant.
No brief filed for appellee.
PER CURIAM.
We affirm an order entering a default against Appellant for failing to reinstate active corporate status with the Secretary of State.
Appellee sued Appellant for failure to make installment payments due under a lease agreement. Appellant filed an answer and Appellee filed a motion to strike/motion to dismiss/motion for default. Appellee's motion included a certificate from the Secretary of State that Appellant was administratively dissolved for failure to file its annual report.
The trial court granted Appellant thirty days to file proof that it had established active corporate status with the Secretary of State. Upon its failure to do so, the default order was subsequently rendered.
Section 607.1622(8), Florida Statutes (1999), provides:
Any corporation failing to file an annual report which complies with the requirements of this section shall not be permitted to maintain or defend any action in any court of this state until such report is filed and all fees and *282 taxes due under this act are paid and shall be subject to dissolution or cancellation of its certificate of authority to do business as provided in this act.
(Emphasis added)
Appellant relies on section 607.1405, Florida Statutes. Pursuant to section 607.1405, a dissolved corporation continues its corporate existence for the purpose of winding up and liquidating its affairs. Among other acts, it may make provision for the discharging of its liabilities, § 607.1405(1)(c). Subsection 607.1405(2) provides that dissolution does not prevent commencement of a proceeding by or against the corporation in its corporate name or suspend a proceeding pending by or against the corporation. See Liszka v. Silverado Steak & Seafood Co., 703 So.2d 1226 (Fla. 5th DCA 1998); Cygnet Homes, Inc. v. Kaleny Limited of Florida, 681 So.2d 826 (Fla. 5th DCA 1996). See also Wong v. Gonzalez & Kennedy, Inc., 719 So.2d 937 (Fla. 4th DCA 1998), cause dismissed, 743 So.2d 508 (Fla.1999).
The issue on appeal is whether section 607.1405 modifies the requirement that a corporation, which has been dissolved for failure to file annual reports and pay fees, is required to reinstate its corporate status in order to defend an action filed against it. See generally, Marinelli v. Weaver, 208 So.2d 489 (Fla. 2d DCA 1968).
We conclude that it does not. Section 607.1405 and section 607.1622(8) are readily harmonized. Clearly, a dissolved corporation can maintain and defend lawsuits in winding up its business affairs; however, where the dissolved corporation has been administratively dissolved for failure to file an annual report, it may not do so without first filing the report and paying the statutory fees. Section 607.1405(2)(e) applies to the types of corporate dissolutions contemplated by sections 607.1401 (dissolution by incorporators or directors), and 607.1402 (dissolution by board of directors and shareholders), Florida Statutes (1999), and not to the involuntary dissolution described in section 607.1622(8). We certify conflict with Cygnet Homes, Inc., which appears to hold otherwise.
Accordingly, we hold that the trial court did not err in entering a default upon Appellant's failure to file proof it re-established active corporate status with the Secretary of State.
DELL, STONE, and GROSS, JJ., concur.