826 So.2d 1034 (2002)
NATIONAL JUDGMENT RECOVERY AGENCY, INC., Appellant,
v.
Robert G. HARRIS, Defendant, Jean M. BORGIA, Garnishee, and Illustrated Properties Realty, Inc., Appellees.
No. 4D01-1195.
District Court of Appeal of Florida, Fourth District.
July 31, 2002.
Rehearing Denied October 14, 2002.
Laurie G. Manoff and Mitchell A. Dinkin of Hurd, Horvath & Dinkin, P.A., Palm Beach Gardens, for appellant.
No brief filed for appellees.

EN BANC
KLEIN, J.
The issue in this case is whether a corporation, which has been administratively dissolved by the state for failure to file annual reports, must obtain reinstatement to active corporate status in order to bring a lawsuit or defend one. In Vacation Break of Boca Raton, Inc. v. Breeden, 765 So.2d 281 (Fla. 4th DCA 2000), we held that reinstatement is necessary and certified conflict with Cygnet Homes, Inc. v. Kaleny Ltd. of Florida, 681 So.2d 826 (Fla. 5th DCA 1996). We now conclude that *1035 Cygnet was correctly decided and recede from Vacation Break.
Illustrated Properties Realty, Inc. obtained a final judgment against Robert Harris in 1984. In 1992, Illustrated Properties was administratively dissolved by the State for failure to file an annual report. Subsequently Illustrated Properties assigned the uncollected judgment to National Judgment Recovery Agency, Inc. National Judgment then initiated garnishment proceedings against Jean Borgia, a person alleged to be indebted to Harris.
The trial court granted Harris' motion to dissolve the writ on the basis that Illustrated Properties had been administratively dissolved eight years prior to assigning the judgment to National Recovery and had not been reinstated. In doing so the trial court followed Vacation Break, which it was bound to do.
In the present case, as in Vacation Break, the corporation was administratively dissolved for failing to file annual reports as required by section 607.1622(8), Florida Statutes (1999), which provides:
Any corporation failing to file an annual report which complies with the requirements of this section shall not be permitted to maintain or defend any action in any court of this state until such report is filed and all fees and taxes due under this act are paid and shall be subject to dissolution or cancellation of its certificate of authority to do business as provided in this act. (Emphasis added).
In Vacation Break we held that a corporation, which had been administratively dissolved because of failure to comply with the above statute, could not defend a lawsuit until it complied with the requirements of section 607.1622(8) that an annual report be filed and fees and taxes due be paid.
In Cygnet the fifth district held that section 607.1622(8) pertains only to existing corporations which have failed to file annual reports, not corporations which have been dissolved.
Section 607.1405(1), Florida Statutes (1999) authorizes a dissolved corporation to carry on business "appropriate to wind up and liquidate its business and affairs." That statute also provides that the dissolution of a corporation does not "prevent commencement of a proceeding by or against the corporation in its corporate name." § 607.1405(2)(e), Fla. Stat. (1999). A corporation which has been administratively dissolved for failure to file its annual report is specifically authorized to wind up its business in the same manner as a corporation which has been voluntarily dissolved. § 607.1421(3), Fla. Stat. (1999).
We now recognize that the distinction made in Vacation Break, between an administratively dissolved corporation and a voluntarily dissolved corporation, is inconsistent with the statutes. We therefore recede from Vacation Break and follow Cygnet. See also Ron's Quality Towing, Inc. v. Southeastern Bank of Fla., 765 So.2d 134 (Fla. 1st DCA 2000), and Levine v. Levine, 734 So.2d 1191 (Fla. 2d DCA 1999), which have followed Cygnet.
We therefore reverse.
WARNER, STEVENSON, SHAHOOD, GROSS, TAYLOR, HAZOURI and MAY, JJ., concur.
FARMER, J., dissents with opinion in which POLEN, C.J., GUNTHER and STONE, JJ., concur.
FARMER, J., dissenting.
Even if there were a true conflict between Vacation Break of Boca Raton Inc. v. Breeden, 765 So.2d 281 (Fla. 4th DCA 2000), and Cygnet Homes Inc. v. Kaleny Ltd. of Florida, 681 So.2d 826 (Fla. 5th DCA 1996), I would object to considering the issue decided by the majority. I simply *1036 do not understand the necessity to address the dissolved corporation issue under the facts and circumstances of this case.[1] That issue is not fairly presented by the facts.
The critical fact is that the case does not involve an attempt by a dissolved corporation to resort improperly to the court system. The only issue here is whether an assignee of a money judgment originally given in favor of a corporation long ago dissolved can enforce the judgment through garnishment proceedings. Because it is the assignee seeking the garnishment, and not the original judgment creditor, this case does not involve any issue of a corporation that has failed to file its annual reports impermissibly resorting to the court system while so delinquent.[2] We therefore have no occasion to apply the chapter 607 provisions relating to dissolved corporations seeking to maintain or defend actions in Florida courts.
Moreover, the period for winding up corporate affairswhether the corporation was dissolved administratively or voluntarily is limited to a period of three years following the dissolution. The facts show that Illustrated Properties Realty was dissolved in 1992. Three years later its affairs should be deemed wound up. To reach the issue involved in the conflict, this court would have to assume without a shred of evidence for such an assumption that ten years later Illustrated Properties is still involved in marshaling assets to pay off creditors, rather than carrying on business as usual. This would have to be the longest winding-up for a closely held corporation in history.
Nevertheless, even if we were to ignore these two problems and address the issue on the merits, I do not find a true conflict between Vacation Break and Cygnet Homes. Section 607.1405(1), Florida Statutes (1999) allows a dissolved corporation to carry on business and engage in litigation, but only as "appropriate to wind up and liquidate its business and affairs." In Cygnet Homes, the court made plain that the suit was involved in winding up corporate affairs.
On the other hand, Vacation Break involved a suit by a lessor against a lessee for failure to make installment payments under a lease. The lessee had been dissolved by the Secretary of State for failure to file its annual reports and pay its taxes. There is absolutely no suggestion in Vacation Break that the lessee was maintaining the lease in order to wind up its affairs or that the litigation even had anything to do with winding up the corporation's affairs. Clearly section 607.1405(1), Florida Statutes (1999) barred the lessee's defense of the lease payment action until it remedied its statutory dereliction by filing its reports, paying its taxes, and getting itself reinstated.
In our case, however, the majority is effectually rewriting the statute to create a new categorical rule. The majority's change would allow all suits by corporations delinquent in their reports and taxes, without any distinction as to whether the action was necessary to wind up corporate affairs. As I said, the statute's plain text says that only those suits that are "appropriate to wind up and liquidate its business and affairs" are allowed. The narrow statute *1037 adopted by the legislature has been replaced by the majority with a rule lacking any limits on a delinquent corporation's use of the court system. I therefore dissent.
POLEN, C.J., GUNTHER and STONE, JJ., concur.
NOTES
[1] I note that we certified the conflict in Vacation Break itself, and the parties thought the issue insufficiently important to spend the money to take the issue to the supreme court.
[2] Even if the assignor were delinquent in its annual reports when it made the assignment of the judgment, that delinquency would not seem to have any effect on the validity of the transfer. At least the chapter 607 statutes discussed in the majority opinion are silent on the matter.