862 So.2d 6 (2003)
ALLIED ROOFING INDUSTRIES, INC., Appellant,
v.
Denilo VENEGAS, et al., Appellees.
No. 3D02-2802.
District Court of Appeal of Florida, Third District.
July 16, 2003.
Rehearing and Rehearing Denied January 20, 2004.
*7 David Harris Singer, Miami, and Maureen O'Donnell, for appellant.
Charlton Stoner, Miami, for appellees.
Before LEVY, RAMIREZ, and WELLS, JJ.
Rehearing and Rehearing En Banc Denied January 20, 2004.
WELLS, Judge.
Allied Roofing Industries, Inc. appeals from an order of dismissal with prejudice. For the following reasons, we reverse.
In January 2002, Allied brought suit against Denilo and Sandra Venegas to foreclose a construction lien for labor and materials allegedly provided from August through the end of November 2000 to improve the Venegases' home. The Venegases moved to dismiss the complaint claiming that Allied was a dissolved corporation that could neither conduct business nor bring suit to foreclose a lien. The Venegases requested that the foreclosure action be dismissed "until such time as the Plaintiff dissolved corporation has complied with the statutory requirements for reinstatement...."
Although counsel for the Venegases failed to appear at the hearing on their motion to dismiss, counsel for Allied appeared and asked the court to deny the motion because Allied was winding down its affairs and collecting its assets. The motion was denied.
The Venegases subsequently moved for reconsideration, claiming that Allied was not in the process of winding down its affairs, but was instead still actively engaging in business. The Venegases again asked that the foreclosure action be dismissed "until such time as the Plaintiff dissolved corporation has complied with the statutory requirements for corporate reinstatement and is in fact reinstated...." The Venegases also asked the trial court to sanction Allied by dismissing the action because Allied's "misrepresentation" regarding its corporate status related to a "factual matter that is central to the *8 claimed rights at issue...." Allied sought to abate hearing on the motion pending expedited reinstatement of its corporate status.
On May 1, 2002, Allied's corporate status was reinstated retroactive to September 22, 2000, the date on which it was administratively dissolved for failure to file annual reports. Despite Allied's reinstatement, on July 17, 2002, the trial court vacated its earlier order denying the Venegases' motion to dismiss and dismissed the foreclosure action with prejudice nunc pro tunc to March 21, 2002, the date of the first dismissal order. The grounds for the dismissal were two-fold: first, because Allied was a dissolved corporation at the time of the original hearing on the Venegases' motion to dismiss, and second, because but for Allied's misrepresentation that it was merely winding down, the court would have dismissed the action at that time. The court also discharged Allied's lien and vacated its lis pendens. Allied timely appealed. We reverse.
Section 607.1622 of the Florida Statutes (2003) requires corporations to file annual reports with, and to pay fees and taxes to, the Department of State. Failure to do so deprives a corporation of the right to "maintain or defend any action in any court of this state until such report is filed and all fees and taxes due" are paid. § 607.1622(8), Fla. Stat. (2003)(emphasis added). Failure to file annual reports and to pay fees and taxes also subjects a corporation to administrative dissolution, as happened to Allied here. Id.
Under current Florida law, administratively dissolved corporations continue their corporate existence after dissolution, but may not carry on any business except that necessary to notify claimants and to wind up and liquidate business by collecting assets, disposing of properties, discharging liabilities and taking related actions, including bringing or defending legal proceedings associated with winding up or liquidation. See §§ 607.1421(3); 607.1405(1), Fla. Stat. (2003); Nat'l Judgment Recovery Agency, Inc. v. Harris, 826 So.2d 1034 (Fla. 4th DCA 2002); Cygnet Homes, Inc. v. Kaleny Ltd. of Florida, Inc., 681 So.2d 826 (Fla. 5th DCA 1996); see also K & M Shipping, Inc. v. Penel, 834 So.2d 876 (Fla. 3d DCA 2002). However, a corporation administratively dissolved for technical reasons may reinstate itself by filing a satisfactory current annual report. Such reinstatement "relates back to and takes effect as of the effective date of the administrative dissolution," and treats the corporation as though it had never been dissolved.[1] § 607.1422(2)-(3), Fla. Stat. (2003); Cosmopolitan Distribs., Inc. v. Lehnert, 470 So.2d 738, 739 (Fla. 3d DCA 1985) ("[t]he effect of section [607.1422, previously section 607.271(5)], allowing reinstatement at any time of a corporation which has been involuntarily dissolved for certain technical reasons, is to treat the corporation as though it has never been dissolved").
The trial court could not, therefore, have dismissed Allied's action on July 17, 2002. By that time, Allied had been reinstated nunc pro tunc to September 2000 and was entitled to maintain this action as though it had never been dissolved. Nor should the trial court have dismissed the action nunc pro tunc to the date of the first hearing (at a time at which Allied had not yet been reinstated).
*9 The sanctions authorized for failing to file an annual reportinvoluntary dissolution and the inability to carry on any business, including bringing or defending a lawsuit, other than that necessary to wind up its affairs under sections 607.1420 and 607.1421are intended to benefit the State, not third parties outside the corporation/State relationship. Hence, the Venegases, "who are strangers to the dealings between plaintiff and the State, should not be allowed to take advantage of the plaintiff's default ... to escape their own obligations to the plaintiff...." Lehnert, 470 So.2d at 739-40, quoting J.B. Wolfe, Inc. v. Salkind, 3 N.J. 312, 70 A.2d 72, 76 (1949).
Where, as here, a corporation has failed to reinstate itself by the time of a hearing on a dispositive motion, consideration of that motion should be deferred to permit compliance:
A distinct but analogous inquiry is what ought to occur when the corporation itself lacks the legal capacity to properly bring suit. The answer to this latter inquiry is that in general, corporations lacking the ability to bring suit, due to a temporary impediment, have been given leave to remove the impediment. See Town of Davie v. Hartline, 199 So.2d 280 (Fla.1967) (where a corporate plaintiff paid its delinquent taxes during the pendency of the suit, but before final disposition of the suit, there was no occasion to dismiss); Industrial National Mortgage Company v. Blake, 406 So.2d 103 (Fla. 3d DCA 1981) (in suit brought by a corporation to contest tax assessments, corporate plaintiff which failed to file old reports and taxes given leave to do so and would be dismissed only if the errant corporation failed to file its over due reports and pay its back taxes within a reasonable amount of time); Ambassador Insurance Company v. Highlands General Hospital, 383 So.2d 254 (Fla. 2d DCA 1980) (corporation doing business in Florida which was not registered with the Department of State granted leave to qualify with the Department rather than being dismissed out of court); Clifford Ragsdale, Inc. v. Morganti, Inc., 356 So.2d 1321 (Fla. 4th DCA), cert. denied, 362 So.2d 1051 (Fla. 1978) (corporation given leave to comply with fictitious name statute, but action eventually dismissed since corporation took too long to comply with statute). Thus, in cases where the entity, rather than the representative of the entity, lacks capacity to bring suit, Florida courts have not dismissed the corporation's pleadings and treated them as a nullity, but have granted the corporation leave to remove pending impediments....
Szteinbaum v. Kaes Inversiones y Valores, C.A., 476 So.2d 247, 251 n. 8 (Fla. 3d DCA 1985) (emphasis added);[2]see also Machado v. Foreign Trade, Inc., 478 So.2d 405, 409 (Fla. 3d DCA 1985) (holding that a trial court correctly refused to dismiss an action where administratively dissolved plaintiff corporation was reinstated before entry of final judgment), disapproved on other grounds, Cheek v. McGowan Elec. Supply Co., 511 So.2d 977 (Fla.1987); but see Irwin v. Gilson Realty Co., 117 Fla. 394, 158 So. 77, 78 (1934), criticized in, McNayr v. Cranbrook Invest., Inc., 158 So.2d 129, 130-31 (Fla.1963)(under former version of Florida corporations statutes, finding that the trial court had the power to dismiss any suit filed by an administratively *10 dissolved corporation "as soon as the suit was filed").
Whenever possible, cases should be determined on their merits, not on irrelevant technicalities. See, e.g., Puga v. Suave Shoe Corp., 417 So.2d 678, 679 (Fla. 3d DCA 1981) (en banc); see also Venero v. Balbuena, 652 So.2d 1271, 1272 (Fla. 3d DCA 1995) ("Florida policy dictates a preference that cases be decided on their merits"). Here, Allied's representations that it was entitled to maintain this foreclosure action because it was in the process of winding upas opposed to needing a short enlargement of time to reinstate itself had nothing to do with Allied's claim. Moreover, the Venegases clearly were not prejudiced either by Allied's involuntary dissolution or by any delay associated with its reinstatement. Under these circumstances, Allied should not be deprived of the opportunity to be heard on the merits.
While Allied's representations, even if intentionally inaccurate, are not condoned, the fact remains that had the trial court been accurately advised of Allied's true status as of the March 21, 2002 hearing, the trial court should not have dismissed the complaint, but should have accorded Allied sufficient time in which to reinstate. In light of the principle that justice prefers decisions based on the merits, the sanction of dismissal for misinforming the court of Allied's status is too extreme. See Garden-Aire Village Sea Haven, Inc. v. Decker, 433 So.2d 676, 678 (Fla. 4th DCA 1983) ("[a] sanction must be commensurate with the violation"). Accordingly, the order granting rehearing and dismissing this action with prejudice is reversed.
RAMIREZ, J., concurs.
LEVY, Judge (dissenting).
I respectfully dissent.
It should be noted that the trial court did not dismiss the action nunc pro tunc to March 21, 2002 because of, as the majority suggests, an irrelevant technicality. Rather, the trial court dismissed the action because Allied, to be polite, falsely represented its corporate status for the purpose of keeping the action alive. As succinctly stated by the trial court in page two of its Order, "[Allied's] factual misrepresentation to the Court was willful and ... the Court's reliance upon it was central to the Court's March 21, 2002 Order upon the rights at issue raised by the Defendants' Motion to Dismiss ..." (emphasis added). It is true that Allied's misrepresentation, according to the majority, "had nothing to do with [its] claim". More importantly, however, it is also true that Allied's misrepresentation had everything to do with, and was specifically made for the purpose of defeating, the Defendants' Motion to Dismiss. For the foregoing reasons, I would affirm the Order under review. See, e.g., Hanono v. Murphy, 723 So.2d 892, 895 (Fla. 3d DCA 1998) ("a party who has been guilty of fraud or misconduct in the prosecution or defense of a civil proceeding should not be permitted to continue to employ the very institution it has subverted to achieve her ends").
NOTES
[1] This permits a reinstated corporation to bring suit on causes of action either existing at the time of its dissolution or accruing thereafter. Levine v. Levine, 734 So.2d 1191, 1197 (Fla. 2d DCA 1999).
[2] This general rule is especially apropos here because the one year statutory period for filing a foreclosure action on Allied's lien had run and dismissal would effectively be with prejudice, forever barring a lien foreclosure action. See § 713.22(1), Fla. Stat. (2003).