890 So.2d 384 (2004)
PBF OF FORT MYERS, INC., Appellant,
v.
D & K PARTNERSHIP and Richard and Alison Ross, Appellees.
No. 2D02-3591.
District Court of Appeal of Florida, Second District.
December 22, 2004.
*385 John Charles Coleman, Fort Myers, for Appellant.
Jeffrey D. Kottkamp of Henderson, Franklin, Starnes & Holt, P.A., for Appellees, Richard E. Ross and Alison Ross.
Darrell Hill, Lehigh Acres, for Appellee, D & K Partnership.
FULMER, Judge.
PBF of Fort Myers, Inc., appeals from an order dismissing its counterclaim against the plaintiffs, Richard E. Ross, Alison D. Ross, and D & K Partnership (collectively referred to as the Rosses). The trial court dismissed the counterclaim because PBF had been administratively dissolved by the Florida Department of State for failure to file its annual report. We reverse because PBF was authorized by statute to pursue its counterclaim in order to wind up its business affairs.
In 1998, the Rosses initiated the underlying suit against Patty Fleishman d/b/a Studio Designs for breach of a lease agreement, which the parties entered into in 1993. Fleishman answered the complaint and filed a two-count counterclaim alleging fraud in the inducement with respect to the lease and breach of the lease by the plaintiffs. The trial court later granted Fleishman's motion to allow her to amend her answer, affirmative defenses, and counterclaim to include the entities PBF of Fort Myers, Inc., and Parkmeadows Furnishings as defendants and counterplaintiffs.
The Rosses moved to dismiss PBF from the counterclaim, arguing that PBF was administratively dissolved on September 22, 2000, for failure to file its annual report. Counsel for PBF conceded that PBF is no longer an active corporation. He asserted, however, that PBF had a right to wrap up its business affairs, which it was doing in pursuing its counterclaim. The trial court entered an order dismissing the counterclaim.
On appeal, PBF contends that because it is not pursuing recovery for a claim accruing after the dissolution of the corporation, but rather is collecting its assets, which is appropriate winding up activity, its counterclaim is permitted under sections 607.1405(1)(a) and 607.1421(3), Florida Statutes (2001). Section 607.1421, entitled, "Procedure for and effect of administrative dissolution," provides in subsection (3) that "[a] corporation administratively dissolved continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs under s. 607.1405 and notify claimants under s. 607.1406." Section *386 607.1405(1)(a) similarly provides that a dissolved corporation may not carry on any business except that appropriate to wind up and liquidate its business and affairs, including "[c]ollecting its assets." The Rosses respond that the issue here is governed by section 607.1622(8), which prohibits a corporation that fails to file its annual report from maintaining or defending any action in any court of this state until such report is filed.
In Levine v. Levine, 734 So.2d 1191, 1197 (Fla. 2d DCA 1999), this court discussed the interplay between these sections and stated that if a corporation was administratively dissolved for failing to file its annual report, arguably "section 607.1622(8) would preclude an administratively dissolved corporation's suit on a cause of action accruing after its dissolution." (Emphasis added.) Our statement in Levine supports reversal here because the cause of action accrued before the dissolution of the corporation.
Further, reversal is supported by National Judgment Recovery Agency, Inc. v. Harris, 826 So.2d 1034 (Fla. 4th DCA 2002), review denied, 845 So.2d 890 (Fla.2003), wherein the court receded from Vacation Break of Boca Raton, Inc. v. Breeden, 765 So.2d 281 (Fla. 4th DCA 2000). The court in National Judgment followed Cygnet Homes, Inc. v. Kaleny Ltd. of Florida, 681 So.2d 826 (Fla. 5th DCA 1996), and concluded that "section 607.1622(8) pertains only to existing corporations which have failed to file annual reports, not corporations which have been dissolved." 826 So.2d at 1035.
The Rosses urge us to reject the National Judgment decision and adopt the rationale of the court in Vacation Break. We decline to do so. We agree with the rationale of the National Judgment decision, that section 607.1622(8) pertains to existing corporations which have failed to file annual reports and not corporations which have been dissolved. We conclude, therefore, that PBF is not prohibited from pursuing its counterclaim. Accordingly, we reverse the order of dismissal and remand for further proceedings.
Reversed and remanded.
DAVIS and KELLY, JJ., concur.