MAY, J.
 

 A plaintiff corporation appeals an adverse summary judgment in favor of two of three defendants. The main issue raised is whether a dissolved foreign corporation can continue to maintain an action in Florida as part of “winding up” its business. We find the answer is statutorily controlled and the answer is yes. We therefore reverse and remand the case for further proceedings.
 

 The plaintiff incorporated in Delaware in 2001. In 2003, the plaintiff qualified to transact business in Florida. In 2004, the plaintiff filed a complaint against three defendants,
 
 [1]
 
 for among other things, misappropriation, diversion of corporate assets, conversion, fraud, breach of contract, defamation, and tortious interference with business opportunity.
 

 In 2005, the plaintiff filed a Third Amended Complaint alleging twenty-three counts. At that time, the plaintiff was an active foreign corporation authorized to do business in Florida. However, in March 2006, Delaware declared the plaintiff void, and no longer in existence or in good standing under the laws of Delaware. In September 2006, the State of Florida revoked the plaintiffs authority to transact business.
 

 
 *1269
 
 In December 2007, two of the defendants filed a motion for summary judgment. The motion alleged that the plaintiff could no longer maintain the cause of action because it did not have a certificate of authority to transact business in Florida, pursuant to section 607.1502(1), Florida Statutes. In opposition, the plaintiff relied on sections 607.1405(1) and 607.1421(3) and case law to argue that a change in corporate status does not preclude a corporate entity from pursuing or completing litigation as part of winding up its activities. The plaintiff also filed an affidavit of the corporation’s president attesting to the facts. The trial court granted the motion, from which the plaintiff now appeals.
 

 We review an order granting summary judgment
 
 de novo. Cambridge Credit Counseling Corp. v. 7100 Fairway, LLC,
 
 993 So.2d 86, 88 (Fla. 4th DCA 2008). Summary judgment is proper where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.
 
 Id.
 
 Here, the issue is one of law as the material facts are not in dispute.
 

 The plaintiff argues that section 607.1421, Florida Statutes (2008), authorizes a corporation that is administratively dissolved to wind up its affairs by maintaining a court action. The defendants respond that sections 607.1501 and 607.1502 prevent a foreign corporation without a certificate of authority from maintaining a proceeding in Florida until the certificate of authority is obtained. We agree with the plaintiff.
 

 Section 607.1421(3) provides in part: “A corporation administratively dissolved continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs under s. 607.1405 and notify claimants under s. 607.1406.” This section provides for an administratively dissolved corporation to continue its existence for the limited purposes of notifying claimants and winding up its business. Winding up the business includes the collection of assets, the disposal of properties, discharging liabilities and taking related actions, which may include “bringing or defending legal proceedings associated with winding up or liquidation.”
 
 Allied Roofing Indus., Inc. v. Venegas,
 
 862 So.2d 6, 8 (Fla. 3d DCA 2003) (citing §§ 607.1421(3) and 607.1405(1), Fla. Stat. (2003)). Thus, an administratively dissolved corporation has the capacity to sue provided the suit is necessary to wind up and liquidate its business and affairs.
 

 Although distinguishable,
 
 Braun v. Buyers Choice Mortgage Corp.,
 
 851 So.2d 199 (Fla. 4th DCA 2003) is helpful. There, we discussed the interplay of sections 607.1622(8)
 
 [2]
 
 and 607.1421(3), Florida Statutes. We held that the trial court erred in dismissing the corporation’s derivative claims because a dissolved “corporation continues its existence for purposes of winding up and liquidating its business and affairs” including the bringing and defending of suits by or against a corporation.
 
 Id.
 
 at 204 (citing
 
 Nat’l Judgment Recovery Agency, Inc. v. Harris,
 
 826 So.2d 1034, 1035 (Fla. 4th DCA 2002),
 
 review denied,
 
 845 So.2d 890 (Fla.2003) and
 
 Cygnet Homes, Inc. v. Kaleny Ltd.,
 
 681 So.2d 826 (Fla. 5th DCA 1996)).
 

 We next address section 607.1501, Florida Statutes (2008) due to the foreign na
 
 *1270
 
 ture of the plaintiff. That section provides that “[a] foreign corporation may not transact business in this state until it obtains a certifícate of authority from the Department of State.” § 607.1501(1), Fla. Stat. Consequences of a foreign corporation transacting business without a certificate of authority are found in section 607.1502. One such consequence is that the corporation “may not maintain a proceeding in any court in this state until it obtains a certificate of authority.” § 607.1502(1), Fla. Stat.
 

 For section 607.1502(1) to apply, the foreign corporation must be “transacting business.”
 
 See, e.g., Nat’l Judgment,
 
 826 So.2d at 1036-37 (Farmer, J., dissenting). Although Chapter 607 does not define “transacting business,” it provides a non-exhaustive list of activities that do not fall within its purview. One such activity is “[m]aintaining, defending, or settling any proceeding.” § 607.1501(2)(a), Fla. Stat. At the hearing, plaintiffs counsel correctly argued that the plaintiff was not currently active and was not transacting business; rather, it was simply winding up its affairs under section 607.1405(l)(a).
 
 See PBF of Fort Myers, Inc. v. D & K P’ship,
 
 890 So.2d 384 (Fla. 2d DCA 2004) (implicitly holding that a dissolved corporation’s counterclaim for fraud in the inducement and breach of lease was part of the corporation’s winding up activity).
 

 In conclusion, the plaintiff filed suit when it was in good standing in Florida. The suit alleged claims of misappropriation, diversion of corporate assets, conversion, fraud, breach of contract, and tortious interference with a business opportunity. When the defendants filed their motion for summary judgment, the plaintiff had been administratively dissolved in Florida and was no longer an active corporation in Delaware. However, it was not transacting business, but instead winding up its affairs by amassing assets for final distribution though the prosecution of the underlying suit. Accordingly, the corporation should be permitted to maintain the proceeding solely to wind up its affairs, pursuant to section 607.1421(3), Florida Statutes. We therefore reverse the summary judgment and remand the case to the trial court.
 

 Reversed and remanded.
 

 STEVENSON and LEVINE, JJ„ concur.
 

 [1]
 

 . The defendants are a shareholder and officer, a former corporation employee, and another corporation. The claims are primarily against the shareholder/officer and the former employee. The defendant corporation allegedly holds the shareholder/officer and employee’s money.
 

 [2]
 

 . "Any corporation failing to file an annual report which complies with the requirements of this section shall not be permitted to maintain or defend any action in any court of this state until such report is filed and all fees and taxes due under this act are paid and shall be subject to dissolution or cancellation of its certificate of authority to do business as provided in this act.”