CLARK, J.
Appellant, HSBC Bank USA, National Association, as Trustee for Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2007-1 (“HSBC Bank”), appeals the circuit court’s order dismissing its amended complaint as to Donald Raymond Raybuck as untimely under the statute of limitations. We agree with HSBC Bank that the filing date of the amended complaint for purposes of the statute of limitations related back to the filing date of the original complaint and the circuit court’s dismissal for untimeliness must thus be reversed.
HSBC Bank filed its original complaint for foreclosure on January 22, 2008. The principle defendant was Karen K. Karzen, the person the Bank alleged executed the note and mortgage. Another named defendant was “the unknown spouse of Karen K. Karzen, if any.” On May 7, 2008, Karen Karzen and Donald Raymond Raybuck filed their Amended Answer, through their counsel. The Amended Answer and First Affirmative Defense identified Mr. Raybuck as the spouse of Ms. Karzen and advanced Mr. Raybuck’s homestead interest in the mortgaged property as a defense to the foreclosure action.
Despite a lengthy interval without record activity, Karzen and Raybuck’s notice pursuant to rule 1.420(e), Florida Rules of Civil Procedure, and the court’s own motion to dismiss under rule 1.420(e), the case remained pending. On December 22, 2009, HSBC Bank filed its motion for judgment on the pleadings, pertaining to the defendants’ first affirmative defense, Mr. Raybuck’s Homestead protections. Thereafter, on March 19, 2010, the court entered partial summary judgment, denying Mr. Raybuck relief from the foreclosure action based upon any Homestead considerations.[1]
The case progressed slowly, through changes of counsel for both sides, court-ordered mediation which never materialized, and several case management conferences. Pertinent to this appeal, on April 15, 2013, “Counsel for Unknown Spouse,” Mr. Michael Alex Wasylik, Esq., filed the “Unknown Spouse’s Motion to Dismiss Complaint.” The motion challenged the sufficiency of the complaint to state a *1091 cause of action against a party when only a fictitious name is listed for a party defendant. The court granted the motion on June 19, 2013, “with leave for plaintiff to amend its complaint within thirty (30) days of the date of the hearing, June 12, 2013” or be dismissed without prejudice. No transcript of a hearing held June 12, 2013 is contained in the record. The court’s order did not actually dismiss any portion of the action; it merely granted the motion with leave to amend.
On June 28, 2013, HSBC Bank filed its amended complaint, substituting Donald Raymond Raybuck for the “unknown spouse” as a defendant in the style of the case and in material allegations pertaining to Mr. Raybuck and any rights or interest he might claim in the mortgaged property. Karen Karzen filed her answer and affirmative defenses to the amended complaint on July 3, 2013, through her counsel, Mr. Michael Alex Wasylik, Esq. Mr. Raybuck was not mentioned in the answer or any of the affirmative defenses.
A non-jury trial was set for October . 30, 2013. A few days prior to the trial date, Donald Raybuck filed his motion to dismiss the amended complaint as to himself due to the time bar of the statute of limitations. He alleged that he had never been named as a party defendant prior to the amended complaint, and that the five-year limitations period from the alleged default on the mortgage expired in September, 2012. Relying on Grantham v. Blount, Inc., 683 So.2d 538 (Fla. 2d DCA 1996), Raybuck argued that he was entitled to dismissal of the action as against him. After hearing the motion, the trial court agreed, granted the motion to dismiss and dismissed the foreclosure action as against Mr. Raybuck. HSBC Bank’s motion for rehearing was denied.
We review de novo the dismissal of a complaint for untimeliness. Smith v. Bruster, 151 So.3d 511 (Fla. 1st DCA 2014).
Rule 1.190(c), Florida Rules of Civil Procedure, requires relation back of an amended complaint if the claim “arose out of the conduct, transaction, or occurrence set forth” in the original pleading. The rule is to be “liberally interpreted,” even in cases where the amendment is filed after the statute of limitations has run, so long as the “original complaint gives fair notice of the factual underpinning of the claim.” Fabhiano v. Demings, 91 So.3d 893, 894 & 897 (Fla. 5th DCA 2012). Where a party is substituted, it is well settled that “[ajddition of a new party should be permitted if the new and former parties have an identity of interest so as not to prejudice the adverse party by the addition.” Ron’s Quality Towing, Inc. v. Southeastern Bank, 765 So.2d 134, 136 (Fla. 1st DCA 2000). In Ron’s Quality Towing, the defendant bank “was made aware from the very beginning that Hill and Quality were essentially one and the same.” Id. Accordingly, this Court reversed the summary judgment, holding that the bank “had adequate notice on the claims against it and the party or parties who had an identity of interest” in those claims. Id.
The purpose underlying statutes of limitations is to “protect defendants from unusually long delays in the filing of lawsuits and to prevent prejudice to defendants from unexpected enforcement of stale claims.” Caduceus Props., LLC v. Graney, 137 So.3d 987, 992 (Fla.2014) (emphasis added). The key inquiry to determine whether an amendment relates back or is barred by the statute of limitations is whether the party in question had notice of the litigation during the limitations period under the original pleadings and the amendment merely adjusts the status of *1092 an existing party, or the amendment actually introduces a new defendant. See I. Epstein & Bro. v. First Nat’l Bank of Tampa, 92 Fla. 796, 110 So. 354 (1926) (amendment after expiration of statute of limitations seeking to change status of one defendant from representative capacity to individual capacity not time-barred because no new party or cause of action introduced).
“Where there is no doubt regarding the identity of the party intended to be named, it is not unfair or unjust to permit a plaintiff to correct its pleading particularly because the defendant suffers no prejudice.” Arch Specialty Ins. Co. v. Kubicki Draper, LLP, 137 So.3d 487, 491 (Fla. 4th DCA 2014) (reversing summary judgment after denial of motion to amend based on expiration of limitations period; defendant had actual notice of intended party and amendment would relate back). As in this case, the cause of action in Arch Specialty remained “squarely centered” on the same alleged cause of action as the original complaint and the amendment merely corrected the name of the party. Id.
The amended complaint substituting a party after the statute of limitations had run was discussed at length in Estate of Eisen v. Philip Morris USA, Inc., 126 So.3d 323 (Fla. 3d DCA 2013), There, the original plaintiff incorrectly filed the wrongful death action in the capacity of personal representative, when in fact, another person was actually designated the personal representative. When the error was later discovered, counsel attempted to amend the complaint, but the trial court denied the motion to amend and dismissed the action as time-barred. The Third District Court of Appeal reiterated that the purpose of the statute of limitation as applied to amended pleadings is “to set a time limit within which a suit should be brought so that the parties involved will be on notice within the statutory time.” Ei-sen, 126 So.3d at 328. Upon review of case law on the subject, the Court distilled certain principal factors to be considered when determining whether an amendment substituting a party should relate back, for purposes of the statute of limitations, as follows:
—Whether the timely-filed action gave the defendants fair notice of the legal claim and the underlying allegations;
—Whether there is an identity of interest between the original and substituted plaintiff;
—Whether the amendment caused any prejudice to the defendants;
—Whether the amendment to substitute plaintiffs would create a “new” cause of action.
Eisen, 126 So.3d at 330.
In this case, it is a defendant who is substituted for “Unknown Spouse of Karen K. Karzen,” rather than a plaintiff, but the same considerations apply. While Mr. Raybuck is prejudiced to the extent that relation back subjects him to the litigation and defense of HSBC Bank’s foreclosure claim under the amendment, his legal defenses are unchanged by the amendment of the complaint. Mr. Raybuck’s interest is identical whether he is referred to as Karzen’s spouse or by his actual name.
The amended complaint was filed in this case according to the leave granted by the court to specify Donald Raymond Raybuck by name,, rather than describing him only as Kazan’s spouse. This amendment did not name a new party but clarified an existing party’s name. Raybuck’s participation in the defense of this lawsuit from its inception, including specifically identifying himself as the spouse of Kazan in the amended answer and affirmative defense, *1093 litigating his Homestead affirmative defense, and obtaining a court ruling (albeit an unfavorable ruling) on his defense, belies any claim that he had no notice of the original action, was surprised by the amended complaint, or that he had no connection to the litigation prior to the amendment.
While there may be other grounds upon which to dismiss the foreclosure action[2] or new undisputed facts which might entitle Mr. Raybuck to summary judgment, the amended complaint related back to the original filing date. Thus, the expiration of the statute of limitations was not a valid basis for dismissal of the amended complaint. Accordingly, the order dismissing the amended complaint as against Donald Raymond Raybuck is reversed and remanded for further proceedings.
PADOVANO and MARSTILLER, JJ., concur.

. Fla. Const, art. X, § 4(a).

. We note the court’s own motion for dismissal due to lack of record activity, filed November 19, 2009 but apparently never ruled upon. Fla. R. Civ. P. 1.420(e) (mandatory dismissal if requirements met).