# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-2555
_____

KELLY MITCHELL,

    Appellant,

    v.

APPLEBEE'S SERVICES, INC.,

    Appellee.

_____

On appeal from the Circuit Court for Bay County.
James B. Fensom, Judge.

October 1, 2019

PER CURIAM.

Appellant was involved in a slip-and-fall accident at an Applebee's restaurant on July 28, 2012. On July 26, 2016, two days before the running of the applicable statute of limitations, she filed suit against two defendants: Apple Two Associates, Inc., d/b/a Applebee's, and Appellee—Applebee's Services, Inc. In the body of the complaint, it was abundantly clear Appellant was suing both Apple Two Associates, Inc., *and* Appellee, but the complaint included only a single count of negligence against Apple Two. Nevertheless, six months later, after being served, Appellee filed an answer to the complaint and affirmative defenses on February 28, 2017.

Appellee next filed a motion to dismiss the complaint or, alternatively, a motion for judgment on the pleadings, alleging that the complaint failed to state a cause of action against it. Before a hearing could be held on the motion, however, the trial court granted Appellant leave to amend her complaint. The amended complaint, filed on June 28, 2017, was identical to the initial complaint in all respects with the exception that it added a second count alleging that Appellee had purchased the Applebee's restaurant from Apple Two Associates, Inc., and, by written agreement, assumed all "debts, liabilities, responsibilities, and all other obligations of Apple Two Associates, Inc. that were in existence at the time of and prior to said purchase," which included Appellant's lawsuit.

In response, Appellee filed a second motion to dismiss. Principally, the second motion claimed that the new cause of action against Appellee in Count II was filed well beyond the four-year statute of limitations in section 95.11(3)(a), Florida Statutes (2012). The trial court agreed, observing that the amended complaint was filed after the statute had run and there was "nothing for the amended complaint to relate back to." In so ruling, the trial court erred.

Whether an amended complaint relates back to the filing of the original complaint for statute of limitations purposes is a question of law subject to de novo review. *Caduceus Props., LLC v. Graney*, 137 So. 3d 987, 991 (Fla. 2014). As the Florida Supreme Court explained in *Caduceus*:

> Generally, Florida has a judicial policy of freely permitting amendments to the pleadings so that cases may be resolved on the merits, as long as the amendments do not prejudice or disadvantage the opposing party. . . .

> Permitting relation back in this context is also consistent with Florida case law holding that [Florida Rule of Civil Procedure] 1.190(c) is to be liberally construed and applied.

*Id.* at 991-92.

2

In other words, as long as the initial complaint gives the defendant fair notice of the general factual scenario or factual underpinning of the claim, amendments stating new legal theories can relate back . . . even where the legal theory of recovery has changed or where the original and amended claims require the assertion of different elements.

*Koppel v. Koppel*, 229 So. 3d 812, 816 (Fla. 2017); *Palm Beach Cty. School Bd. v. Doe 1*, 210 So. 3d 41, 44 (Fla. 2017) (footnotes omitted) (citing *Fabbiano v. Demings*, 91 So. 3d 893, 895 (Fla. 5th DCA 2012); *Flores v. Risomp Indus., Inc.*, 35 So. 3d 146, 148 (Fla. 3d DCA 2010); *Kiehl v. Brown*, 546 So. 2d 18, 19 (Fla. 3d DCA 1989)).

Relevant to the current case, the supreme court in *Caduceus* noted that "[t]he justice of this interpretation of rule 1.190(c) becomes even more apparent when considering the purpose served by statutes of limitations." 137 So. 3d at 992. Statutes of limitation "are designed to protect defendants from unusually long delays in the filing of lawsuits and to prevent prejudice to defendants from the **unexpected** enforcement of stale claims." *Id.* (emphasis added); *accord HSBC Bank USA, Nat'l Ass'n v. Karzen*, 157 So. 3d 1089, 1091 (Fla. 1st DCA 2015) (citing *Caduceus*, 137 So. 3d at 992). As we held in *Karzen*:

The key inquiry to determine whether an amendment relates back or is barred by the statute of limitations is whether the party in question had notice of the litigation during the limitations period under the original pleadings and the amendment merely adjusts the status of an existing party, or the amendment actually introduces a new defendant.

157 So. 3d at 1091-92 (citing *I. Epstein & Bro. v. First Nat'l Bank of Tampa*, 92 Fla. 796, 110 So. 354 (1926) (ruling that the amendment after the expiration of the statute of limitations seeking to change the status of one defendant from a representative capacity to an individual capacity was not time-barred because no new party or cause of action was introduced)). "Where there is no doubt regarding the identity of the party intended to be named, it is not unfair or unjust to permit a plaintiff

3

to correct its pleading particularly because the defendant suffers no prejudice." *Id.* at 1092 (quoting *Arch Specialty Ins. Co. v. Kubicki Draper, LLP*, 137 So. 3d 487, 491 (Fla. 4th DCA 2014)).

Here, Appellee's participation in the lawsuit from its inception belies any claim that it had no notice of the original action, was surprised by the amended complaint, was not given fair notice of the general factual scenario, or had no connection to the litigation prior to the amendment. *Karzen*, 157 So. 3d at 1093. Therefore, the amended complaint related back to the original filing date and the statute of limitations was not a valid basis for its dismissal. The order dismissing the amended complaint is reversed and the cause is remanded for further proceedings.

REVERSED and REMANDED.

RAY, C.J., and BILBREY and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Anthony B. Britt of The Britt Law Firm, Miami, for Appellant.

B.B. Boles III and Brentt E. Palmer of Young, Bill, Boles, Palmer & Duke, P.A., Pensacola, for Appellee.