# Third District Court of Appeal

## State of Florida

Opinion filed August 25, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0112
Lower Tribunal Nos. 20-96 AP, 07-4930 SP

_____

**New Life Rehab Medical Center a/a/o Mario Fernandez,**
Appellant,

vs.

**Mercury Insurance Company of Florida,**
Appellee.


An appeal from the County Court for Miami-Dade County, Lawrence D. King, Judge.

David B. Pakula, P.A., and David B. Pakula (Pembroke Pines); Corredor & Husseini, P.A., and Maria E. Corredor, for appellant.

Conroy Simberg, and Hinda Klein (Hollywood), for appellee.


Before EMAS, MILLER, and LOBREE, JJ.

MILLER, J.

Appellant, New Life Rehab Medical Center, appeals from a final summary judgment rendered in favor of appellee, Mercury Insurance Company of Florida. The sole issue presented in this appeal is whether a corporation, administratively dissolved for failing to file an annual report, may maintain suit in conjunction with winding up its affairs.[1] In granting judgment in favor of the insurer, the able trial court, not yet having the benefit of Hock v. Triad Guaranty Insurance Corp., 292 So. 3d 37 (Fla. 2d DCA 2020), found section 607.1622(8), Florida Statutes (2018), precludes such a corporation from actively pursuing litigation.[2]

Under the Florida Business Corporation Act (the "Act"), codified in chapter 607, Florida Statutes, an administratively dissolved corporation continues its corporate existence. See § 607.1405(1), Fla. Stat.; Damian v. Int'l Metals Trading & Invs., Ltd., 243 F. Supp. 3d 1308, 1314 (S.D. Fla.

---

[1] See Himmel v. Avatar Prop. & Cas. Ins. Co., 257 So. 3d 488, 493 n.1 (Fla. 4th DCA 2018) ("We reject [appellee's] argument that affirmance is required pursuant to the tipsy coachman doctrine. In addition to the two motions for summary judgment at issue in this case, [appellee] also filed three other separate motions for summary judgment. Following a hearing, the trial court entered three separate orders denying those motions. [Appellee] has not filed a cross-appeal seeking review of those orders. Instead, [appellee] now seeks affirmance of the two orders before this Court based on the alternate legal arguments contained in the three motions/orders which are not properly before this Court. If [appellee] wanted to challenge the trial court's rulings on those motions, it should have filed a cross-appeal.") (citation omitted).
[2] Section 607.1622(8), Florida Statutes (2018), and section 607.1622(6), Florida Statutes (2020), contain largely the same language.

2017); Levine v. Levine, 734 So. 2d 1191, 1196 (Fla. 2d DCA 1999). Consequently, it is empowered to carry on that business "appropriate to wind up and liquidate its business and affairs." 734 So. 2d at 1196. The Act, however, further provides:

> Any corporation failing to file an annual report which complies with the requirements of this section shall not be permitted to maintain or defend any action in any court of this state until such report is filed and all fees and taxes due under this act are paid and shall be subject to dissolution or cancellation of its certificate of authority to do business as provided in this act.

§ 607.1622(8), Fla. Stat.

In reconciling these ostensibly competing statutory edicts, several of our sister courts have narrowly construed section 607.1622(8), Florida Statutes, as pertaining "only to existing corporations which have failed to file annual reports, not corporations which have been dissolved." Nat'l Judgment Recovery Agency, Inc. v. Harris, 826 So. 2d 1034, 1035 (Fla. 4th DCA 2002); see Ron's Quality Towing, Inc. v. Se. Bank of Fla., 765 So. 2d 134, 135 (Fla. 1st DCA 2000); Cygnet Homes Inc. v. Kaleny Ltd. of Fla., Inc., 681 So. 2d 826, 826 (Fla. 5th DCA 1996). Their decisions hold that, while not without other consequences, administrative dissolution does not "[p]revent commencement of a proceeding by or against the corporation in its corporate name." § 607.1405(2)(e), Fla. Stat.; see also Allied Roofing Indus., Inc. v. Venegas, 862 So. 2d 6, 8 (Fla. 3d DCA 2003).

3

Persuaded by such reasoning, we align ourselves with this body of decisional authority and hold that section 607.1622, Florida Statutes, "does not preclude a corporation that has been administratively dissolved for failing to file an annual report from prosecuting or defending against an action in order to wind up its business and affairs." Hock, 292 So. 3d at 41; see also Harris, 826 So. 2d at 1034.

Reversed and remanded for further proceedings.